# FEBRUARY, 1931

S. N. JOHNSON v. DALLAS COOPERAGE & WOODENWARE COMPANY.

No. 5584.   Decided February 4, 1931.
(34 S. W., 2d Series, 845.)

*Phelps & Phelps, D. A. Frank,* and *Hamilton, Frank & Hamilton,* for appellant.

When a plea of privilege is filed in proper form and no evidence is introduced showing that any of the statutory exceptions exist, the case should be removed to the county of the residence of the defendant. World Co. v. Dow., 287 S. W., 241; Coalson v. Holmes, 240 S. W., 896; Hamlin v. Aetna, 13 S. W. (2d) 383; Grogan v. McWhorter, 15 S. W. (2d) 126; Pecos v. Thompson, 167 S. W., 801; Durango v. Shaw, 165 S. W., 490; Cloyd v. Sacra, 175 S. W., 457; Graves v. McCollum, 193 S. W., 217.

When a defendant denies under oath in a plea of privilege that any of the exceptions to the venue statute exist in his case, the burden rests upon the plaintiff controverting such affidavit to prove that defendant executed or authorized the execution of a written instrument upon which suit is brought.   Hayes v. Penney, 215 S. W., 571; Texas v. Bankers, 219 S. W., 838; Eyers v. Crocket, 223 S. W., 268; World v. Dow, 287 S. W., 241; Hamlin v. Aetna, 138 S. W. (2d) 110; Sayeg v. Federal, 16 S. W. (2d) 567; Hill v. Hunt, 12 S. W. (2d) 638; Coalson v. Holmes, 240 S. W., 897; Brown v. Herd, 128 S. W. (2d) 587; Rich-

ardson v. Cage, 252 S. W., 747; Dewitt v. Massachusetts, 283 S. W., 588; Thompson v. Pickett, 288 S. W., 256; Neyland v. Benson, 292 S. W., 251.

A plea of privilege is evidence of its contents and may be introduced in evidence in support of itself, but a controverting plea is not evidence. Ray v. Kimball, 207 S. W., 351; Memphis v. Patton, 106 S. W., 697; Bledsoe v. Barber, 220 S. W., 369; Neyland v. Benson, 292 S. W., 253; Waxahachie v. Sigmond, 235 S. W., 633; Meadows v. Turner, 270 S. W., 899; Browne v. Heid, 12 S. W. (2d) 587; Landa v. Hunt, 45 S. W., 860; Bank v. Gates, 213 S. W., 723; Sargent v. Wright, 230 S. W., 781.

Defendant, S. N. Johnson, had a right to testify in his own behalf that he had never been a member of a partnership known as Johnson & Derby, had not signed any trade acceptance or authorized his name to be signed to such and that there was no such partnership as Johnson & Derby, nor a holding out by him of such partnership, no books or accounts kept in the name of Johnson & Derby and that the first time that he knew about G. W. Derby's using the name of Johnson & Derby was after the death of G. W. Derby.

All of the above evidence was tendered to the court, and was by the court refused, the court being of the opinion that said evidence was not admissible on a plea of privilege, and could only be admitted on the merits of the case when the case came to trial. R. S. 5932, secs. 18, 19, 20, 21, 23; Williams v. Kincannon, 265 S. W., 925; Memphis v. Patton, 106 S. W., 697; Houston v. Chandler, 51 Texas, 416; Bolan v. Wrather, 239 S. W., 279; Perfected v. Bank, 266 S. W., 865 (280 S. W., 738); Tuell v. Roberts, 233 S. W., 103; Palatine v. Griffin, 202 S. W., 1027.

*H. A. Bateman* and *Burgess, Burgess, Chrestman & Brundidge,* for appellee.

A plea of privilege which does not contain any prayer that the cause be transferred to any particular court, or to any particular county is not "filed in proper form" and the court could not properly do anything with it except overrule it. Hall v. Jackson, 3 Texas, 305; Chrisman v. Miller, 15 Texas, 159; Hubby v. Camplin, 22 Texas, 582; Mann v. Falcon, 25 Texas, 276.

Plaintiff having alleged in its petition that the written instruments sued on were signed by a copartnership of which the defendant is alleged to have been a member, and defendant's name appearing in the firm name, plaintiff relieved itself of the burden resting on it when it introduced the written instruments in evidence and proved the exception to the exclusive venue stated. Plaintiff having alleged, both in its petition and its controverting affidavit, that the trade acceptances sued on were accepted by Johnson & Derby, a copartnership composed of S. N. Johnson and

G. W. Derby, acting by Derby, the introduction of such trade acceptances, being payable in Dallas county, was sufficient to maintain venue in Dallas county over Johnson, who had filed no sworn plea of non est factum and no sworn denial of partnership. An ordinary plea of privilege, containing no denial of the partnership alleged by plaintiff and no reference whatever to defendant's membership or nonmembership therein, is not tantamount to a sworn denial of partnership, and the trade acceptances sued on were therefore sufficient to establish the exception to the exclusive venue stated. Galbreath v. Farrell, 221 S. W., 1015; Bank v. Childs, 231 S. W., 807; Bradley v. Bank, 14 S. W. (2d) 810; Nolen v. Harding, 235 S. W., 687; Kelly v. Britton, 240 S. W., 1115; Trapshooter v. Whitton, 263 S. W., 622; Bank v. Alexander, 274 S. W., 184; Shafer v. Brashear, 274 S. W., 229; Rutledge v. Evans, 219 S. W., 218; Watson v. Alfalfa, 300 S. W., 199; Warner v. Gohlman, Lester & Co., 8 S. W. (2d) 1049; Edmonds v. White, 226 S. W., 819; Railway Co. v. Tisdale, 74 Texas, 16, 11 S. W., 900; 4 L. R. A., 545; Railway Co. v. Stell, 61 S. W., 980; Buchanan v. Edwards, 51 S. W., 33; Parr v. McGown, 98 S. W., 950; Johnson v. Dyess, 149 S. W., 203; Pearce v. Wallis, 124 S. W., 496; Levy v. Dunken, 179 S. W., 679; Gilvin v. Railway Co., 94 S. W., 130; Geiselman v. Andreson, 242 S. W., 798; article 1995, subdivision 5, Revised Civil Statutes, 1925; article 2010, Revised Civil Statutes, 1925.

Defendant, S. N. Johnson, not having filed a sworn plea of non est factum or sworn denial of partnership, it would have been improper to permit him to testify, on a plea of privilege hearing, that he had never been a member of the partnership, that there was no such partnership as Johnson & Derby, nor a holding out by him of such partnership, etc., and the court properly excluded such testimony. Galbreath v. Farrell, 221 S. W., 1015; Bradley v. Bank, 14 S. W. (2d) 810; Kelly v. Britton, 240 S. W., 1114; Barrow v. Philleo, 14 Texas, 345; Shafer v. Brashear, 274 S. W., 229; Trousdale v. Southern, 221 S. W., 322; Levy v. Dunken, 179 S. W., 679; Parr v. McGown, 98 S. W., 950; Nolen v. Harding, 235 S. W., 687; Geiselman v. Andreson, 242 S. W., 798; Buchanan v. Edwards, 51 S. W., 33; Johnson v. Dyess, 149 S. W., 203; Pearce v. Wallis, 124 S. W., 496; Railway Co. v. Tisdale, 74 Texas, 16, 11 S. W., 900, 4 L. R. A., 545; Railway Co. v. Stell, 61 S. W., 980; Comer v. Landrum, 277 S. W., 743; Gilvin v. Railway Co., 94 S. W., 130; Shapleigh v. Huff, 294 S. W., 657; Rev. Statutes, art. 1995, subd. 5, art. 2010.

Mr. Presiding Judge SHORT delivered the opinion of the Commission of Appeals, Section B.

The following statement and certified questions are from the Court of Civil Appeals of the Tenth District:

"This suit was instituted by Dallas Cooperage & Woodenware Company, a corporation, whose domicile and principal place of business is in Dallas County, Texas, against S. N. Johnson, whose domicile and residence is in Webb County. Appellee's suit was founded upon three separate trade acceptances which it had drawn on the partnership of Johnson & Derby, and which partnership, appellee alleged, was composed of S. N. Johnson and G. W. Derby. The trade acceptances were each accepted by Johnson & Derby, per G. W. Derby, and provided that the amount thereof would be paid in Dallas County. Appellee alleged that G. W. Derby was dead and the suit was filed against S. N. Johnson as the surviving member of the partnership and in his individual capacity. Appellant Johnson filed his plea of privilege in statutory form, alleging his residence to be in Webb County, and alleged that 'no exception to exclusive venue in the county of one's residence, provided by law, exists in said cause.' Appellee filed a controverting affidavit, in which it alleged that the District Court of Dallas County had jurisdiction under and by virtue of subdivision 5 of Article 1995 of the Revised Statutes, since the trade acceptances sued upon were payable in Dallas County, Texas, and made the original petition a part of the controverting affidavit, and by said affidavit swore that all the facts contained in the original petition were true. Appellant Johnson filed no additional answer to the controverting plea filed by appellee, but relied entirely on his plea of privilege. The plea of privilege was heard by the trial court and judgment entered overruling the same. It is from said judgment this appeal is perfected.

"On the hearing of the plea of privilege appellee was permitted to offer in evidence the trade acceptances sued on, over appellant's objection that no proof had been offered of their having been signed by Johnson & Derby, per G. W. Derby, or that appellant S. N. Johnson was a member of the partnership of Johnson & Derby, apparently on the theory that appellant had not denied under oath the execution of said trade acceptances or the existence of said partnership as alleged and sworn to by appellee in its petition and controverting affidavit. After said trade acceptances were offered in evidence, appellant then offered to prove by himself and another witness that he, appellant, was not at any time in partnership with G. W. Derby and that he had no connection with G. W. Derby in any capacity, and that G. W. Derby was not authorized to sign appellant's name to said trade acceptances either as a member of the partnership or otherwise. This testimony was excluded by the trial court on the sole ground, as shown by the bills of exception, that said testimony was not admissible on the trial of the plea of privilege but could only be offered and considered on the trial of the main case.

"The opinion of this court being final in this class of cases, and there being some doubt in our minds as to the correctness of the holding of the trial court, we have deemed it advisable to and we do hereby respectfully

submit to the Honorable Supreme Court of this state for its determination upon the facts hereinbefore set out, the following questions:

"FIRST QUESTION: Is the sworn plea of privilege a sufficient denial under oath, under Articles 2008, 2010 and 3734 of the Revised Statutes, to require the plaintiff to prove the execution of the trade acceptances sued on, and to require it to prove that appellee S. N. Johnson was a partner with G. W. Derby, before same could be offered in evidence?

"SECOND QUESTION: Were said trade acceptances properly admitted in evidence in this case, over the objection that their execution had not been proved and that it had not been shown that S. N. Johnson and G. W. Derby were partners?

"THIRD QUESTION: After the trade acceptances had been admitted in evidence, did the trial court commit error in refusing to permit appellant to offer testimony tending to show that he was not a partner with G. W. Derby and had no connection with G. W. Derby, and did not authorize G. W. Derby to sign the trade acceptances either as a partnership matter or in any capacity which would bind the appellant Johnson?

"FOURTH QUESTION: Where a plea of privilege and a controverting affidavit thereto have been filed, and on hearing thereof the plaintiff makes a prima facie case showing the suit has been brought in the proper county, has the defendant the right to offer testimony showing that the court does not have jurisdiction, and that the testimony of the plaintiff is untrue?"

The sworn plea of privilege in this case, according to the certificate, establishes prima facie, that the original defendant, the appellant in the Court of Civil Appeals, under article 1995 of the Revised Statutes, was entitled to be sued by the plaintiff, the appellee in the Court of Civil Appeals, upon the alleged cause of action, in a court of competent jurisdiction in Webb county. Article 2007 of the Revised Statutes provides a plain path for a defendant to follow, who seeks to have a suit brought against himself in a county other than that of his residence, to be removed to the county of his residence. When the provisions of article 2007 have been complied with by a defendant, in the absence of a controverting affidavit, for which the article also provides, being filed by a plaintiff, it is the duty of the court to make the order transferring the suit to a court having jurisdiction of the subject matter in the county where the defendant resides.

When the controverting affidavit was filed, mentioned in the certificate, the only issue of fact presented by the pleadings was, whether S. N. Johnson, at the time he filed his plea of privilege, as well as at the time the suit was brought, and, at the time he was served with process, resided in Webb county, and that at such times he had not contracted in writing to perform the alleged obligation in Dallas county. Upon this

issue the burden of proof rested upon the original plaintiff, since it was the duty of the trial judge to assume the truth of the material allegations made in the plea of privilege, until this assumption had been overturned by competent evidence on this sole issue introduced in support of the controverting affidavit. The only controverted fact presented by the controverting affidavit is whether S. N. Johnson had contracted in writing to perform the alleged obligation in Dallas county. Whether he had contracted to perform the alleged obligation was not necessarily in issue. In the trial of the case upon the merits in a court of competent jurisdiction, and not elsewhere, could this issue arise, under the facts stated in the certificate. It may be that when the case shall have come on to trial upon its merits, the original plaintiff will be able to establish that S. N. Johnson was liable for the debt alleged to be due by him, as stated in the original petition.

When a defendant denies under oath in the plea of privilege that any of the exceptions of the venue exists in his case, it then becomes the duty of a plaintiff, after having filed the proper controverting affidavit, to establish to the satisfaction of the trial judge, by competent evidence, that one of the exceptions to the venue statute does exist in the case. The only question presented by the certificate is whether the original plaintiff in this case has introduced sufficient legal evidence to overcome the prima facie case made by the plea of privilege. The controverting affidavit does not controvert the fact that S. N. Johnson was entitled to be sued in Webb county, unless S. N. Johnson had obligated himself in writing to pay the obligation in Dallas county. Upon this issue appellee only introduced the three original instruments in writing which are made the basis of its suit. It did not introduce any other evidence. With prima facie proof of the fact made by the plea of privilege that S. N. Johnson did not obligate himself in writing before the court, it then became necessary for the original plaintiff to overcome this prima facie proof by introducing testimony which the court deemed sufficient. The controverting affidavit merely supplied the basis for such proof. The instruments in writing show upon their face only, that someone by the name of G. W. Derby, on May 3, 1928, signed said instruments for and on behalf of a mercantile concern known as "Johnson & Derby", which may have been a private corporation, or a partnership composed of individuals by the names of "Johnson" and of "Derby" as partners. These instruments, unsupported by other testimony, failed to identify "Johnson & Derby" as composed of S. N. Johnson and G. W. Derby, a partnership or a private corporation, with the appellant S. N. Johnson, in such a way as to make the act of G. W. Derby that of the appellant, S. N. Johnson, and unsupported by other testimony, do not have any probative force sufficient to prove the only issue involved, and as we have seen, no such extraneous testimony was introduced.

In Citizens State Bank v. Alexander, 274 S. W., 184, the Court of Civil Appeals at Dallas, speaking through Justice Looney, said:

"The trial that arises on a contest of a plea of privilege is a statutory proceeding, separate and aside from the case on its merits. The plea itself, in statutory form, establishes prima facie the right of the party asserting the plea to have the venue of the case changed. If the plea is contested, the statute requires that the contesting affidavit shall allege the specific fact, or facts, that show the existence of the exception to exclusive venue relied on to maintain venue in the court where the suit is pending. The allegations of plaintiff's petition may, by apt language, be incorporated into, and thus become a part of, the contesting plea, but in such event they can be considered only as a predicate for the introduction of evidence, but cannot be considered evidence of any fact necessary to maintain the venue. The allegations of the contesting pleas, which, by incorporation, may include the allegations of the petition, must be proven as the allegations of any other plea, and thus the fact or facts must be shown to exist that justify the maintenance of the suit in a county other than the county of the residence of the party asserting the plea of privilege."

Had the original plaintiff upon the trial of this issue introduced in connection with the introduction of these instruments extraneous proof, either oral or written, tending to identify the defendant S. N. Johnson with the execution of these instruments, in such a way, as in the opinion of the court would have been sufficient to overturn the prima facie case made by the plea of privilege, then it would have been the duty of the trial court to have found in favor of the original plaintiff on this issue. In Cities Service Oil Co. v. Brown, 27 S. W. (2d) 115, this section of the Commission, answering certified questions, analogous to the questions here involved, in discussing the contract in that case, said:

"This contract on its face furnished the means by which the agreed place of payment could be determined. Extraneous proof to identify the same did not tend to vary, modify, or enlarge the terms of such contract, but only served to identify the particular place where the parties agreed payment should be made. Morrison v. Hazzard, 99 Texas, 583, 92 S. W., 33; Smith v. T. & N. O. Ry. Co., 101 Texas, 405, 108 S. W., 819; 22 C. J., p. 192, sec. 1593, page 1194, sec. 1595."

In the case last cited the only fact in issue was the identity of the *place* where the debt was payable, and it was said:

"Even though it required parol proof to identify the particular place where payment was agreed to be made, the contract is nevertheless one in writing, within the statute conferring jurisdiction in the county where a party has contracted in writing to perform a particular obligation. Strange v. General Motors Acceptance Corp. (Tex. Civ. App.), 2 S. W.

(2d) 255; Goliad Supply Co. v. G. C. Holmes (Tex. Civ. App.), 251 S. W., 286."

In the case at bar the only fact in issue was the identity of the *person* alleged to be liable to pay the obligation alleged in the petition. If in fact the "Johnson" mentioned in the instruments is the *S. N. Johnson,* the person sued in this case, it would have been permissible to have introduced in proof of that fact any circumstance tending to show that the "Johnson" mentioned in the certificate, was the identical person sued as defendant in this case, and any combination of circumstances sufficient to have overcome the prima facie case made by the plea of privilege, would have met the issue thus presented. These circumstances would not necessarily have involved the ownership of the instrument in writing, or the validity of the obligation evidenced thereby, even though they may have inferentially done so. In Bradley v. Trinity State Bank, 118 Texas, 274, 14 S. W. (2d) 810, wherein it was held that in determining the question of venue, evidence of ownership of a note and validity of an obligation evidenced thereby were properly excluded, it appears that the person seeking the benefits of the plea had executed the note, which purported to be an undertaking by this person to pay it in the county where the suit was brought. The certificate in this case does not show that these instruments in writing were executed by S. N. Johnson, the original defendant. In Tarver Steel Co., Inc. v. Pendleton Gin Co., 25 S. W. (2d) 156, *the Court of Civil Appeals at Eastland, where there was a plea of privilege interposed, and where the original plaintiff sought to defeat this plea by showing that the defendant was liable upon the obligation by reason of the claim that an authorized agent had acted in its behalf, and where all the circumstances tending to show agency were introduced, among other things held that, in testing the existence of an agency, one seeking to hold another through acts of the alleged agent must show the alleged agent's actual authority, or show such facts as would estop the alleged principal to deny the existence of actual authority, and that if venue is dependent on the existence of an agency, and the controverting affidavit merely alleges the fact of agency, and does not allege facts showing an estoppel to deny agency, the evidence of agency sufficient to support the venue must show actual agency, and evidence of agency by estoppel is inadmissible.* However, in the case at bar there was no effort made to support the venue in Dallas county by an effort to show that S. N. Johnson was the identical person with the "Johnson" mentioned in the instruments introduced. It was incumbent upon the original plaintiff upon the trial of the issue of venue, with the pleading and proof shown by the certificate, to overturn the prima facie case made by the plea of privilege by the introduction of circumstances which in the opinion of the court showed that S. N. Johnson, the original defendant in this case, had obligated himself in writing to pay the sums of money mentioned in the

instruments in Dallas county, Texas, and that in order to do this the fact, that it might have been incumbent on the original plaintiff to establish that S. N. Johnson was a member of the firm of Johnson & Derby, composed of himself and G. W. Derby, did not in the least relieve the original plaintiff from discharging this duty in order to maintain the suit in Dallas county.

With the record in the condition shown by the certificate, it is our opinion that the trial court erred in failing to sustain the plea of privilege for the reason that, unsupported by extraneous evidence, the instruments offered in evidence by the original plaintiff did not have the legal effect to discharge the burden of proof resting upon it to overturn the prima facie case made by the plea of privilege.

We therefore recommend that the first question be answered in the affirmative and that the second question be answered in the negative. The disposition we have made of the first question and of the second question renders unnecessary any discussion of the third question and of the fourth question.

Opinion of the Commission of Appeals answering the certified questions adopted and ordered certified.

C. M. CURETON, Chief Justice.