# JUNE, 1931

F. H. Berry v. Pierce Petroleum Corporation

No. 5698.   Decided June 10, 1931.
(39 S. W., 2d Series, 824.)

*Smithdeal, Shook, Spence & Bowyer* and *Lewis B. Lefkowitz,* for appellant.

The execution of the appellee's Exhibit A was not properly proved, no evidence having been adduced as to the signature of the party sued or of the person whose name purports to be signed to the instrument.

The court improperly admitted in evidence appellee's Exhibit A, because the signature on the instrument was not properly proved, and was in no way identified.

It is elementary that the plea of privilege duly filed is the equivalent

of a plea of non est factum, and under the authorities it then becomes incumbent on the party controverting such plea to prove the execution of instrument under which claim is made. Ketner v. Radford Grocery Co., 299 S. W., 680.

The court improperly admitted in evidence plaintiff's Exhibit A, because it purported to be signed by one Tarwater, and no evidence was adduced to show any agency existing between Tarwater and appellant. Ray et al. v. W. W. Kimball Co., 207 S. W., 351; Bledsoe v. Barber, 220 S. W., 369.

The court erred in overruling appellant's plea of privilege,—it appearing that the instrument sued upon was in fact no agreement in writing of the appellant, but merely a receipt showing delivery of goods to Tarwater, purchaser, who is in no way shown by the evidence to have represented the appellant, and that the provision printed on such receipt making the invoice payable at Dallas, Texas, does not constitute a written contract between the appellant and the appellee performable in Dallas county. Sidebottom v. Juliff, 259 S. W., 235; Burkett & Barnes v. Berry, 143 S. W., 1187; Valdespino v. Dorrance & Co., 207 S. W., 649; Jackson v. Victor Snyder & Co., 240 S. W., 628.

*Cantey, Hanger & McMahon* and *F. T. Denny,* for appellee.

We assert, first, that after appellee had filed its sworn controverting affidavit, setting up as the grounds on which it relied to maintain venue the fact that the written invoices were signed by the defendant or his authorized agent, it was incumbent upon appellant to answer the controverting affidavit under oath, denying the execution of the written instrumen; and, second, that proof of the execution of such instrument by the defendant or his authorized agent was supplied in law by the provisions of article 3734, Revised Statutes of 1925. Borschow v. Waples-Platter Grocery Company, 223 S. W., 872; Greenville Gas & Fuel Company v. Commercial Finance Company, 298 S. W., 550.

That the invoice offered in evidence, designated "Plaintiff's Exhibit A", is sufficient as a contract in writing, performable by its terms in Dallas County, we think well established by the authorities. Borschow v. Waples-Platter Grocer Company, supra; Railway Company v. Jones Lumber Company, 178 S. W., 858; Taylor Water Supply Company v. Kelley, 32 S. W., 436; Traylor v. Blum, 7 S. W., 829; Lange et al. v. Jones, 261 S. W., 378.

MR. PRESIDING COMMISSIONER HARVEY delivered the opinion of the court.

The Court of Civil Appeals for the fifth district has submitted the following certificate containing certified questions:

"Pierce Petroleum Corporation, a foreign corporation with a permit,

filed this suit in a district court of Dallas County against F. H. Berry, a resident of Harris County, Texas, to recover a balance due for gasoline, kerosene oil and other petroleum products sold and delivered to appellant by appellee at its stations located at Houston and Richmond, Texas. Appellant plead his privilege to be sued in the county of his residence, to which appellee filed a controverting affidavit, alleging therein as facts relied upon to confer venue upon the district court of Dallas County that, the account sued upon was made up of and based upon a series of written invoices alleged to have been executed by appellant, or by his duly authorized agents, each of which carried a stipulation to the effect that, the amount shown thereon to be due was payable to appellee at its office in Dallas, Texas, that each invoice instituted and was a contract in writing, obligating appellant to pay in Dallas County, hence venue was properly laid in said county. Appellant replied to the controverting plea by a general demurrer and an unsworn general denial.

"On trial of the contest appellee offered in evidence one of the alleged invoices, together with an agreement made in open court and entered of record that, each of the other invoices making up the account sued upon was in the same form. These invoices were made out on regular blank forms used by appellee for such purposes, containing certain numbers, letterings, headings with blanks to be filled in, as the occasion required, and other language not material here. The pertinent language of the invoices is as follows:

"Make all checks payable to Pierce Petroleum Corporation

"This invoice payable at Dallas, Texas

"September 6, 1928

"TO Pierce Petroleum Corporation, Dr.

"Richmond Agency

"Mr. F. H. Berry, Box 455, Houston, Texas

"Article Eupion

"Gallons 576

"Price 1442

"Amount 92.16

"Goods received          (Signed) Tarwater, Purchaser.

"The invoice and the agreement of the parties recited above constituted all the evidence introduced on trial of the contest, and at its conclusion the court entered an order overruling appellant's plea, from which he appealed and presented for our consideration the questions set out below.

"Over the objection of appellant, the court admitted in evidence, without requiring proof of their execution, the invoices, being the alleged written contracts, by virtue of which venue was sought to be maintained in Dallas County. Appellant assigned error on this action of the court, contending that the alleged execution of the invoices was put in issue by the

sworn plea of privilege filed by him; that the same constituted, without further pleading, a proper plea of non est factum and was, in legal effect, a sworn denial of the alleged execution of said instruments, within the meaning of article 3734, R. S., 1925.

"Appellee combatted this contention, insisting that, under the law, its controverting affidavit was a pleading within the meaning of article 3734 R. S. 1925, and, as same was based on written instruments, alleged to have been executed by appellant or by his authority, and he having failed to file a plea of non est factum, putting in issue the alleged execution of the instruments, the court committed no error in admitting same in evidence without proof of execution.

"We sustained the contention of appellee and held that, as appellant failed to deny the alleged execution of the invoices constituting the written instruments upon which venue was predicated, the trial court committed no error in admitting same without requiring proof of their execution.

"In reaching this conclusion, we followed the rule of construction announced by the Fort Worth Court of Civil Appeals, in Borschow v. Waples Platter Grocer Co., 223 S. W., 872, and seemingly approved by the Supreme Court in Greenville, etc. Co. v. Commercial Finance Co., reported in 117 Texas, 124, 328 S. W., 580, 582. However, we recognized that our decision of this question was in conflict with opinions rendered by other Courts of Civil Appeals, notably in: Ray v. Kimball, 207 S. W., 351; Bledsoe v. Barker, 220 S. W., 369; and in Ketner v. Radford, 299 S. W., 681.

"Appellant made the further contention that, the invoices were not agreements at all, but merely receipts showing delivery of merchandise to the purchaser and, therefore, were not contracts in writing, within the meaning of the venue statute. We overruled this contention and held that the invoices, a copy of which is set out above, were written contracts within the meaning of subdivision 6, article 1995, R. S., 1925.

"We have before us the motion of appellant for rehearing, in which the action of the court in the respects above mentioned is assigned as error, and pending action thereon because our decision is in conflict with opinions rendered by other Courts of Civil Appeals, as above mentioned, and further, because we deem it advisable so to do, present to the Honorable Supreme Court for adjudication the following question: Did appellant's plea of privilege, to which appellee's controverting affidavit was filed, constitute, without further pleading, a proper plea of non est factum and a sworn denial of the alleged execution by appellant, or by his authority, of the written invoices, within the meaning of Art. 3734 R. S. 1925.

"We also deem it advisable to present to the Supreme Court for adjudication the question, whether the written invoices, copy of which is

set out above, reciting that, "This invoice payable at Dallas, Texas", constituted contracts in writing to perform in Dallas County, within the meaning of the venue statute?"

Where a defendant is sued outside the county of his residence, and he has duly filed his plea of privilege to be sued in the county of his residence, as prescribed by article 2007 of the statutes, and the plaintiff files a controverting plea alleging the execution by the defendant, or by his authority, of a contract in writing to perform, in the county in which the suit is brought, the obligation sued on, the plea of privilege, as regards the determination of the plea, has effect to put the plaintiff to proof, by extrinsic evidence, of the fact of execution by the defendant, or by his authority, of the said contract as alleged. This was settled in Johnson v. Dallas Cooperage & Hardware, 120 Texas, 27, 34 S. W. (2d) 845.

The instrument set out in the certificate, containing as it does the provisions "This invoice is payable at Dallas, Texas", purports a promise that the obligation to pay would be performed at Dallas. Being in writing, the instrument imports a valuable consideration for this promise, and, if properly proved up, would evidence a "contract in writing" to perform, at Dallas, the obligation to which the contract relates. For by his execution of the instrument, the promisor would be regarded as adopting the language of the provision as his own. City Service Oil Co. v. Brown (Texas Com. App.), 27 S. W. (2d) 115. We do not mean to say, of course, that the instrument purports a contract by Berry to perform said obligation at Dallas. The instrument does not purport to bear his signature. It purports to be signed by one "Tarwater", as "purchaser". However, if justified by the pleadings, the fact that Tarwater, with authority from Berry to do so, made such contract in his own name, for Berry, may be shown by extraneous evidence. Diacomis v. Wright (Texas Com. App.), 34 S. W. (2d) 806.

What has been said sufficiently answers the questions certified, and we recommend that they be so answered.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

C. M. Cureton, Chief Justice.