## MASTERSON v. LUMLEY.
### No. 3119.

Court of Civil Appeals of Texas. El Paso.
Jan. 10, 1935.

Aldredge, Shults & Madden, of Dallas, for appellant.

Albert S. Jackson, of Dallas, for appellee.

WALTHALL, Justice.

This case presents an appeal from the order of the district court of Dallas county, Tex., overruling a plea of privilege.

Appellee, E. C. Lumley, as plaintiff, brought this suit against appellant, T. B. Masterson, and Mrs. Eliza Chesser, a widow,

Annie Chesser, a feme sole, Mrs. Evelyn Clark, individually and as independent executrix of the last will and testament of Louis Chesser, deceased, B. L. Chesser, individually and as independent executor of the last will and testament of Louis Chesser, deceased, and W. W. Clark, pro forma, as the husband of defendant Mrs. Evelyn Clark. Appellee in his petition alleged that he is a resident of Dallas county, Tex., and each of the defendants are residents of Knox county, Tex.

The suit is based upon three promissory notes in the sum of $500 each, payable to appellee and signed by Louis Chesser and secured by a vendor's lien on 205.5 acres of land in Knox county, Tex., retained in a deed from appellee and wife to Louis Chesser and expressed in the notes.

The facts stated in appellee's petition, omitting dates, are, in substance, as follows:

Louis Chesser died leaving a will designating Evelyn Clark and B. L. Chesser as independent executors, and leaving as heirs at law Mrs. Eliza Chesser, his wife, and three children, Mrs. Evelyn Clark, B. L. Chesser, and Annie Chesser; Eliza Chesser and the executors conveyed said property to the First Bank of Truscott, Truscott, Tex.; Evelyn Clark and husband, B. L. Chesser, and Annie Chesser conveyed all of their interest in the Louis Chesser estate to their mother, Eliza Chesser; that Louis Chesser was the owner of said bank, and after his death Eliza Chesser conveyed the bank and its assets to appellant Masterson, and alleged that in said conveyance Masterson "assumed and agreed to pay all outstanding indebtedness of every kind of said First Bank of Truscott."

The said notes are signed by Louis Chesser and made payable to appellee Lumley or order, and made payable in Dallas, Tex.; each note recites that it was executed in part payment of said 205.5 acres of land in Knox county, Tex. In part consideration for said notes, Lumley and wife executed and delivered to Louis Chesser their warranty deed conveying to Louis Chesser said 205.5 acres of land, fully described in the petition, and in which deed an express lien is retained to secure the payment of said notes.

The petition recites that each of defendants are notified to produce upon the trial the original deeds and documents, and specifies each, and that upon failure to do so secondary evidence of their contents will be offered by plaintiff. As to appellant, appellee prayed that he have judgment for his debt sued for and foreclosure of his lien on the property described.

The record shows service of citation on defendants. Appellant Masterson in due time and in proper form filed his verified plea of privilege to be sued in Knox county, the county of his residence.

In due time appellee Lumley filed his verified controverting plea. The plea refers to the petition and recites in substance the above-stated facts contained in his petition, and attaches to his controverting answer copies of said notes and makes them a part thereof. It is expressly stated in the controverting plea that in purchasing the said properties and interests from Mrs. Eliza Chesser, as above stated, Masterson expressly assumed the payment of all the outstanding indebtedness of every kind of said bank; that the said notes constituted a part of said indebtedness assumed, which assumption it is alleged is fully shown by the partition deed or conveyance from Mrs. Eliza Chesser to Masterson, and in which conveyance the heirs and representatives joined.

On the hearing on the plea of privilege and the controverting affidavit, each of the three notes were offered in evidence by appellee; also a certified copy of the deed from Lumley and wife to Louis Chesser, in which deed the said notes are recited as a part of the consideration for the conveyances from E. C. Lumley and wife to Louis Chesser of the land described in the notes; a certified copy of the Louis Chesser will; also a partition deed purporting to have been executed by the First Bank of Truscott by T. B. Masterson, its president, T. B. Masterson individually, Eliza Chesser, Evelyn Clark and B. L. Chesser for themselves and as independent executrix and executor of the will of Louis Chesser, and in which partition deed as to appellant Masterson appears the following:

"And therefore, in order to consummate said deal, in consideration of the premises and the said consideration, the receipt of which is hereby acknowledged, and the assumption on the part of the grantee herein of the payment of all the outstanding indebtedness of every kind of the said First Bank of Truscott, save and except the amount hereinabove assumed on the part of the grantor against the 90 acres of land known as the Geo. W. Myers farm, I, Mrs. Eliza Chesser, a widow, have granted, sold and conveyed and by these presents do grant, sell and convey to the said T. B. Masterson, all of my right, title and interest in and to the First Bank of Truscott, its name, franchise

and good will, together with all of the property 'of every kind and description standing in the name of said First Bank of Truscott, save and except only that portion thereof hereinabove conveyed by me, the said Mrs. Eliza Chesser, both real and personal and mixed of every kind and wherever situated notes, judgments, choses in action and lands, banking house, furniture and fixtures and said lands described in deeds of record in the deed records of Knox County, Texas, and Hale County, Texas, and all other property so owned and held in the name of said First Bank of Truscott, whether mentioned herein or· not.

"To have and to hold," etc., to T. B. Masterson.

Other instruments were offered in evidence by appellee, such as a certified copy of the order of the county court admitting the Louis Chesser will to probate, etc., and certified copy of deeds, which we think is not necessary to state here.

Appellant objected to the introduction in evidence of the notes and the certified copies of the proceedings and deeds on the ground that the verified plea of privilege is a plea of non est factum, and that no proof had been offered as to the execution or delivery of said notes, and that no proof had been offered as to the execution of any of the deeds; that in view of said plea of privilege the burden was upon appellee to prove the execution of said notes and other instruments before they could be considered in evidence.

The court overruled the objections and admitted the instruments in evidence, to which appellant excepted.

The court overruled appellant's plea of privilege, and appellant prosecutes this appeal.

### Opinion.

Appellant filed assignments of error, and thereunder submits several propositions.

We need not consider each of the propositions severally.

The suit is brought by appellee in Dallas county upon three vendor's lien notes of which appellee is alleged to be the owner and holder; the notes are signed by Louis Chesser, deceased, and are made payable to appellee, and made payable in Dallas county. The suit is brought to recover a personal judgment against appellant on the notes and to foreclose the lien expressed in the notes on the land described therein and on the land for which the notes are alleged to be a part

consideration for its conveyance. The heirs and legal representatives of the maker of the notes are made defendants in the suit. The personal liability of appellant on the notes is sought on the ground that he became the purchaser of the land for which the notes were given in part consideration, and that in the purchase of the land appellant assumed the payment of the notes.

The only question we are called upon to consider in this appeal is the one of venue under appellant's plea of privilege to be sued in Knox county, the county of appellant's residence.

Appellant submits that his plea is in legal effect a plea of non est factum as to said notes and deed, and that in the absence of any proof of the execution, and delivery of the notes and the partition deed, and other instruments, in which it is claimed appellant assumed the payment of the notes, his plea should have been sustained, and the cause of action transferred to Knox county for trial on the merits.

We concur in appellant's contention.

No issue of fact is raised as to appellant's residence. Appellee's petition and the plea of privilege fix appellant's residence in Knox county.

We need not enter into an extended discussion as to the effect of appellant's plea as a plea of non est factum, and that when such plea is filed and presented, the burden then rests upon appellee to prove by extrinsic evidence the execution and delivery of the instruments upon which he relies to retain the venue in the court in which the suit is brought. The courts in recent years have held the rule to be as above stated.

In Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S.W.(2d) 824, on a certified question the Commission of Appeals, Section A, and in Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.(2d) 845, it was held, in effect, that the plea of privilege put plaintiff to proof by extrinsic evidence of the execution by defendant of the written contract which plaintiff claimed defendant agreed to perform in the county of the suit. The Supreme Court adopted the opinion of the Commission of Appeals in each of the two cases.

From the above it is apparent that the district court was in error in overruling the appellant's plea of privilege, and that the venue of the suit must be changed from Dallas county to Knox county, and it is so ordered.

We do not feel called upon in this proceeding, in determining the venue of the suit, to pass upon the question whether the verbiage of the partition deed, or other writing, obligates appellant by assumption agreement to pay the notes and discharge the lien on the property conveyed.

We intend to hold only that in order to hold the venue in Dallas county, if appellant did assume to pay the notes, the execution of the partition deed or other instruments must be proved by evidence apart from the deed itself. This was not done.

For the reason stated it is ordered that the case be reversed, and judgment here rendered sustaining the plea of privilege and transferring the venue of the suit to Knox county.