## KEY v. MINERAL WELLS INV. CO.

### No. 1571.

Court of Civil Appeals of Texas. Eastland.

June 26, 1936.

Rehearing Denied Sept. 18, 1936.

O. E. Nelson, of Wichita Falls, for appellant.

Victor W. Bouldin, of Mineral Wells, for appellee.

GRISSOM, Justice.

Mineral Wells Investment Company, a corporation, filed suit in the county court of Palo Pinto county against D. T. Simmons and A. J. Key upon a note executed by Simmons payable in Palo Pinto county and to foreclose a mortgage lien on an automobile. Key is a resident of Wichita county and bought the automobile from an automobile dealer in said county. The appeal is by Key from a judgment denying his plea of privilege to be sued in Wichita county and a judgment of fore-

closure against him as to the mortgage lien on the automobile and for the debt and foreclosure against Simmons. Simmons did not answer.

Since we are of the opinion that the cause must be reversed because of the error in overruling the plea of privilege, the judgment on the merits will not be discussed.

■ Over objection of the appellant, Key, the note, mortgage, and other instruments upon which the suit is based were introduced in evidence without proof of their execution. It has been definitely determined that, when the party charged with the execution of an instrument files a plea of privilege, such plea has the effect of a plea of non est factum requiring proof of the execution of the instruments sued on by the plaintiff who has filed a controverting affidavit. Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.(2d) 845; Berry v. Pierce Petroleum Corp., 120 Tex. 452, 39 S.W. (2d) 824. The only question here is whether the filing of a plea of privilege by a codefendant of the defendant charged with the execution of the instruments has also the effect of the filing of a plea of non est factum, and requires extrinsic proof of the execution of the instruments sued on. We construe the case of Masterson v. Lumley (Tex.Civ.App.) 78 S.W.(2d) 244, as holding that a plea of privilege filed by a defendant who is not charged with the execution of the instrument sued on necessitates proof of the execution of such instruments.

The case of Flynn v. Atlas Life Ins. Co. (Tex.Civ.App.) 81 S.W.(2d) 772, is relied on by the appellee as holding to the contrary.

■ The appellee relies upon subdivision 29a, art. 1995, R.S.1925, as added by Acts 1927, 1st Called Sess., c. 72, § 2 (Vernon's Ann.Civ.St.' art. 1995, subd. 29a), in seeking to require the appellant, Key, to try his case in Palo Pinto County instead of Wichita County, the county of his residence. It was incumbent upon the appellee, under the situation here disclosed, to plead and prove facts showing (1) the execution by Simmons of a contract in writing to perform his obligation in Palo Pinto county (subdivision 5, art. 1995), and (2) that Key is a necessary party defendant. These venue facts were alleged, but not all of them were proved. See Compton v. Elliott (Tex.Com.App.) 88 S.W.(2d)

91. As stated, appellant objected to the introduction of the note and other instruments, because their execution had not been proved. The objection was overruled. We think this was error and requires a reversal of the judgment.

It is conceded that, if Simmons had claimed his privilege, plaintiff would have been required to prove the execution of the note. It is also conceded that a plea of privilege filed by Simmons would have had the same effect as a plea of non est factum. The reason it would have such effect is because the execution of the note is a venue fact that is necessary for the plaintiff to establish. It is none the less a venue fact to be established against the defendant, Key. The fact that Simmons makes no contest cannot affect the rights of the defendant, Key. Exception 29a cannot operate in this cause unless exception 5 operates also. The cause must be maintainable against Simmons in Palo Pinto county, or it is not maintainable there against the defendant, Key. Every reason which would require proof of the execution of the note in a plea of privilege by Simmons exists when the plea of privilege is filed by the defendant, Key. If the mere production of the note is insufficient proof of its execution in the one case, it is likewise insufficient in the other.

■ Appellee contends that, if the case should be reversed, it should be reversed and remanded in order that appellee might be given a second opportunity to prove the execution of the instruments sued on. We understand the rule to be that, when a plea of privilege is filed, it must be sustained, unless the plaintiff files a controverting affidavit alleging some exception contained in article 1995 and introduces proof establishing facts that bring the case within such exception. Unless plaintiff is prevented by ruling of the court against him from either pleading or proving facts bringing his case within one of the exceptions of article 1995, we think an appellate court has no right to compel a defendant to submit to a second hearing in a foreign county, but such defendant's statutory right to then have the cause transferred to the county of his domicile should be recognized. Yantis et al. v. Gilliam (Tex.Civ.App.) 62 S.W.(2d) 173; Brown et al. v. Neyland (Tex.Civ.App.) 62 S.W.(2d) 227, 229.

■ Appellee also contends that the suit is properly maintainable in Palo Pinto

county under subdivision 3 of article 1995. Such contention was expressly overruled in Thomason v. Sparkman et al. (Tex.Civ. App.) 55 S.W.(2d) 871.

The judgment on the plea of privilege and the judgment on the merits are reversed, and the cause is ordered transferred to the proper county court in Wichita county.