## CHAMBERS v. FIRST NAT. BANK IN HEMPHILL.
### No. 3036.

Court of Civil Appeals of Texas. Beaumont.
March 31, 1937.

Rehearing Denied April 7, 1937.

Adams & McAlister, of Nacogdoches, for appellant.

Minton & Minton, of Hemphill, and J. R. Bogard, of San Augustine, for appellee.

WALKER, Chief Justice.

On the 6th day of December, 1935, appellee, First National Bank in Hemphill, filed its suit in the district court of San Augustine county against B. A. Chambers and appellant, O. A. Chambers, upon a promissory note in the principal sum of $2,684.32, dated at San Augustine, Tex., on the 30th of March, 1935, payable to the order of First National Bank in Hemphill at the office of the First National Bank of San Augustine, in the city of San Augustine, San Augustine county, Tex., and for attorney's fees; the plaintiff also prayed for the foreclosure of a chattel mortgage lien against certain personal property, pleading on this issue a chattel mortgage in writing, on the allegations of the petition, executed by B. A. Chambers and O. A. Chambers, to secure the note sued upon. In this mortgage it was recited that certain of the mortgaged property belonged to B. A. Chambers as his separate property, and that certain other property covered by the mortgage was owned jointly by B. A. Chambers and O. A. Chambers. B. A. Chambers filed no answer. O. A. Chambers filed his plea of privilege, in all things regular, to be sued in Sabine county, the county of his residence. In due time, appellee filed its controverting affidavit, based upon the fact that the note in con-

troversy by its express terms was payable in San Augustine county, San Augustine, Tex., and that the chattel mortgage was given to secure the payment of the note, and that appellant was a party to the mortgage, having signed his name thereto. Appellee's controverting affidavit was sufficient to invoke the following exceptions to article 1995, R.S.1925, as amended by the 40th and 44th Legislatures (Vernon's Ann.Civ.St. art. 1995), reading as follows, section 5:

"*Contract in Writing.*—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

Section 29a:

"*Two or more defendants.*—Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provision of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto"; in its brief, appellee relies upon these two exceptions to article 1995 to sustain its venue in San Augustine county.

The plea of privilege came on for hearing on the 14th day of January, 1936; all parties announced ready, and by judgment duly rendered and entered, the court overruled the plea of privilege. On the hearing on the plea of privilege, B. A. Chambers made no appearance by answer or otherwise; appellee introduced in evidence the note and chattel mortgage sued upon; no testimony was offered, other than the note and mortgage, that B. A. Chambers executed the note or that B. A. Chambers and O. A. Chambers executed the mortgage—there was no extrinsic evidence on these issues. These written instruments were received in evidence without objection by appellant. From the judgment overruling the plea of privilege, appellant duly prosecuted his appeal to this court by filing his transcript in this court on the 3d day of March, 1936; the appeal is styled No. 3036, O. A. Chambers v. First National Bank in Hemphill.

On the 2d day of July, 1936, at the next ensuing term of the district court of San Augustine county after the rendition of judgment overruling the plea of privilege, appellee had its cause against B. A. Chambers and O. A. Chambers as filed therein on the 6th day of December, 1935, called for trial. Appellee announced ready for trial; B. A. Chambers wholly made default and judgment was accordingly entered against him; appellant, O. A. Chambers, moved for a continuance on the ground that his appeal from the order overruling the plea of privilege was pending in this court, that motion was overruled and the case proceeded to trial to a jury; judgment was entered in favor of appellee for the relief prayed for against both B. A. Chambers and O. A. Chambers. From that judgment, appellant duly prosecuted his appeal to this court as cause No. 3106, O. A. Chambers v. First National Bank in Hemphill, by filing his transcript on the 6th day of August, 1936. Since these two appeals, involving the same issue, stand on our docket under separate numbers, on motion of appellee they have been consolidated, and will be heard and disposed of as cause and style No. 3036, O. A. Chambers v. First National Bank in Hemphill.

### Opinion.

The court erred in overruling the plea of privilege in this cause by its judgment duly rendered and entered on the 14th day of January, 1936. True, the note and mortgage were received in evidence without objection, but they were controverted by a plea of privilege, which, under the decisions of our Supreme Court, constituted a plea of non est factum. Under this plea—a plea of non est factum—appellee rested under the burden of going forward with its proof after tendering as evidence the note and mortgage, to the point of showing that appellant in fact executed the mortgage or that B. A. Chambers in fact executed the note and mortgage in controversy. The reception of the mortgage in evidence with appellant's name signed thereto did not raise the issue of its execution by him as against his plea of privilege—his plea of non est factum. On this point, Judge Short, speaking for the Commission of Appeals in Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.(2d) 845, 847, said:

"When a defendant denies under oath in the plea of privilege that any of the exceptions of the venue exists in his case, it then becomes the duty of a plaintiff, after having filed the proper controverting affidavit, to establish to the satisfaction of the trial judge, by competent evidence, that one of

the exceptions to the venue statute does exist in the case. The only question presented by the certificate is whether the original plaintiff in this case has introduced sufficient legal evidence to overcome the prima facie case made by the plea of privilege. The controverting affidavit does not controvert the fact that S. N. Johnson was entitled to be sued in Webb county, unless S. N. Johnson had obligated himself in writing to pay the obligation in Dallas county. Upon this issue appellee only introduced the three original instruments in writing which are made the basis of its suit. It did not introduce any other evidence. With prima facie proof of the fact made by the plea of privilege that S. N. Johnson did not so obligate himself in writing before the court, it then became necessary for the original plaintiff to overcome this prima facie proof by introducing testimony which the court deemed sufficient. The controverting affidavit merely supplied the basis for such proof."

Again, in Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S.W.(2d) 824, 825, Judge Harvey, speaking for the Commission of Appeals, said:

"Where a defendant is sued outside the county of his residence, and he has duly filed his plea of privilege to be sued in the county of his residence, as prescribed by article 2007 of the statutes, and the plaintiff files a controverting plea alleging the execution by the defendant, or by his authority, of a contract in writing to perform, in the county in which the suit is brought, the obligation sued on, the plea of privilege, as regards the determination of the plea, has effect to put the plaintiff to proof, by extrinsic evidence, of the fact of execution by the defendant, or by his authority, of the said contract as alleged. This was settled in Johnson v. Dallas Cooperage & Woodenware Co. [120 Tex. 27], 34 S.W.(2d) 845."

On this very point, we quote as follows from the opinion of Judge Smedley, speaking for the Commission of Appeals in Compton v. Elliott, 126 Tex. 232, 88 S.W. (2d) 91, 94, after construing section 7 of article 1995:

"The same principle controls, at least in part, the decisions construing exception 5, which hold that 'a sworn plea of privilege, without further pleading, operates as a sworn denial of the execution by the party urging the plea, or by his authority, of a written instrument relied upon by con-

testant to bring the case under the exception, and casts upon him the burden of proving, by extrinsic evidence, the execution of the alleged instrument.' Pavlidis v. Bishop & Babcock Sales Co. (Tex.Civ. App.) 41 S.W.(2d) 294, 295. See, also, Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.(2d) 845; Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S.W.(2d) 824. The plaintiff is required to prove the execution of the written contract by the defendant or by his authority, because exception 5 makes the execution of the contract a part of the venue facts. It provides that suit may be brought in the county 'if a person has contracted in writing to perform an obligation in a particular county.' He has not so contracted in writing if the written contract was not executed by him or by his authority."

But, appellee insists that the district court of San Augustine county, having jurisdiction of B. A. Chambers, on the allegations of its petition also had jurisdiction of O. A. Chambers to foreclose the alleged chattel mortgage, under exception 29a of article 1995. That very contention was before the Eastland Court of Civil Appeals in Key v. Mineral Wells Inv. Co., 96 S.W.(2d) 804; Judge Grissom, writing the opinion, said:

"Mineral Wells Investment Company, a corporation, filed suit in the county court of Palo Pinto county against D. T. Simmons and A. J. Key upon a note executed by Simmons payable in Palo Pinto county and to foreclose a mortgage lien on an automobile. Key is a resident of Wichita county and bought the automobile from an automobile dealer in said county. The appeal is by Key from a judgment denying his plea of privilege to be sued in Wichita county and a judgment of foreclosure against him as to the mortgage lien on the automobile and for the debt and foreclosure against Simmons. Simmons did not answer.

"Since we are of the opinion that the cause must be reversed because of the error in overruling the plea of privilege, the judgment on the merits will not be discussed.

"Over objection of the appellant, Key, the note, mortgage, and other instruments upon which the suit is based were introduced in evidence without proof of their execution. It has been definitely determined that, when the party charged with

the execution of an instrument files a plea of privilege, such plea has the effect of a plea of non est factum requiring proof of the execution of the instruments sued on by the plaintiff who has filed a controverting affidavit. Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.(2d) 845; Berry v. Pierce Petroleum Corp., 120 Tex. 452, 39 S.W. (2d) 824. The only question here is whether the filing of a plea of privilege by a codefendant of the defendant charged with the execution of the instruments has also the effect of the filing of a plea of non est factum, and requires extrinsic proof of the execution of the instruments sued on. We construe the case of Masterson v. Lumley (Tex.Civ.App.) 78 S.W.(2d) 244, as holding that a plea of privilege filed by a defendant who is not charged with the execution of the instrument sued on necessitates proof of the execution of such instruments.

"The case of Flynn v. Atlas Life Ins. Co. (Tex.Civ.App.) 81 S.W.(2d) 772, is relied on by the appellee as holding to the contrary.

"The appellee relies upon subdivision 29a, art. 1995, R.S.1925, as added by Acts 1927, 1st Called Sess., c. 72, § 2 (Vernon's Ann.Civ.St. art. 1995, subd. 29a), in seeking to require the appellant, Key, to try his case in Palo Pinto County instead of Wichita County, the county of his residence. It was incumbent upon the appellee, under the situation here disclosed, to plead and prove facts showing (1) the execution by Simmons of a contract in writing to perform his obligation in Palo Pinto county (subdivision 5, art. 1995), and (2) that Key is a necessary party defendant. These venue facts were alleged, but not all of them were proved. See Compton v. Elliott [126 Tex. 232] 88 S.W. (2d) 91. As stated, appellant objected to the introduction of the note and other instruments, because their execution had not been proved. The objection was overruled. We think this was error and requires a reversal of the judgment.

"It is conceded that, if Simmons had claimed his privilege, plaintiff would have been required to prove the execution of the note. It is also conceded that a plea of privilege filed by Simmons would have had the same effect as a plea of non est factum. The reason it would have such effect is because the execution of the note is a venue fact that is necessary for the plaintiff to establish. It is none the less a venue fact to be established against the defendant, Key. The fact that Simmons makes no contest cannot affect the rights of the defendant, Key. Exception 29a cannot operate in this cause unless exception 5 operates also. The cause must be maintainable against Simmons in Palo Pinto county, or it is not maintainable there against the defendant, Key. Every reason which would require proof of the execution of the note in a plea of privilege by Simmons exists when the plea of privilege is filed by the defendant, Key. If the mere production of the note is insufficient proof of its execution in the one case, it is likewise insufficient in the other."

Under the authorities cited and reviewed above, we cannot escape the conclusion that the lower court erred in overruling the plea of privilege of O. A. Chambers. It follows that the judgment of the lower court, both on the plea of privilege and on the merits, should be reversed and the cause remanded for a new trial, and it is accordingly so ordered.

COMBS, Justice (dissenting).

Here, we view another instance of the reversal of a case upon a mere technical error, which had no relation whatever to the judgment entered or the justice of the case. This is the third time within as many weeks that reversals have occurred in this court on mere technicalities. See Traders & General Ins. Co. v. Rudd (Tex. Civ. App.) 102 S.W.(2d) 457, and United States Fidelity & Guaranty Co. v. Flanagan (Tex. Civ.App.) 103 S.W.(2d) 446. In the above cases I concurred in the judgments of this court for the reason that the court was without power to do otherwise than reverse the cases. But I filed in those cases concurring opinions calling attention to the injustice resulting from the following of mere technical rules.

In the case before us, the majority are reversing and remanding the case on the sole ground that the plaintiff on the hearing of the plea of privilege failed to make prima facie proof of the due execution of the note sued upon. The holding is based upon the sole ground that the filing of the plea of privilege amounted to a plea of non est factum as to the note sued upon, and hence, that introduction of the note without proof of its due execution did not establish even prima facie the making of the note.

I am not disposed to quibble over the proposition of whether or not the cited cases sustain the conclusion. As reflected in the majority opinion, this case was tried on its merits subsequent to the overruling of the plea of privilege, and the record upon that trial is before us. The appellant filed no plea of non est factum to the merits, nor is there a hint or suggestion that the note was not executed in accordance with its face, tenor, and effect, or that it is not just, due, and unpaid. The judgment entered on the merits was obviously correct, and the same judgment will no doubt have to be entered on the subsequent trial. Yet, because of a mere technical procedural rule, this court is to reverse the case and send it back. I do not concur in that judgment for the reason that, as I view it, this court has some discretionary power in the matter. This, because the question involved is a plea of privilege, and is a matter of which Courts of Civil Appeals have final jurisdiction. Believing that we have the power and that a court ought to do right whenever the rules permit, I respectfully dissent.

WALKER, Chief Justice.

On Rehearing.

■ Appellee has made no point that, in ruling on appellant's appeal from the judgment overruling his plea of privilege we could consider the statement of facts before us in the appeal from the trial on the merits, cause No. 3106 on our docket. Appellee's brief in cause No. 3106 consists of less than one page, and contains this statement: "Since the disposition of this cause depends almost wholly upon the disposition of Cause No. 3036, appellee, in so far as same may be applicable to this case, adopts the statement of the nature and result of this suit, the statement detailed in its brief in Cause No. 3036."

Thus, appellee concedes, and its concession is the law, that in reviewing the judgment of the lower court on the plea of privilege, we cannot consider the statement of facts before us on the trial on the merits.

On rehearing, appellee strenuously insists that a plea of privilege invoking subdivision 5 of article 1995 (as amended, Vernon's Ann.Civ.St. art. 1995, subd. 5) should not be construed as a plea of non est factum; that point is foreclosed against appellee, definitely, finally, and conclusively by the authorities cited and reviewed in the original opinion.

■ Appellee also contends that subdivision 29a sustains the judgment of the lower court. Key v. Mineral Wells Investment Co., cited and reviewed in the original opinion, is directly against appellee's contention, and affirmatively supports our conclusion. The fact that appellant in this case did not object to the admission of the mortgage and note when offered as evidence on the trial of the plea of privilege does not distinguish this case from the Key Case; appellee, under the authorities cited in the original opinion, was under "the burden of proving, by extrinsic evidence, the execution of the alleged instrument." There was no extrinsic evidence on the execution of the mortgage and note.

The point is also made that, in reversing the judgment of the lower court, we are in conflict with Stockyards National Bank v. Maples, 95 S.W.(2d) 1300, opinion for the Supreme Court written by Judge Smedley. That case is not in point on the issue before us; in the Maples Case Judge Smedley was construing subdivision 4 of article 1995, while in the case before us subdivision 5 was in issue. The authorities clearly draw a distinction between subdivision 4 and subdivision 5.

■ Appellee requests that we certify this case to the Supreme Court; this request is denied, because, as we understand the authorities, every proposition announced in the original opinion is supported by well adjudicated cases.

For the reasons stated, the motion for rehearing is in all things overruled.