**BROWN & ROOT, Inc., v. TEXAS & N. O. RY. CO.**

No. 3220.

Court of Civil Appeals of Texas. Beaumont.

June 15, 1938.

Rehearing Denied Sept. 20, 1938.

Greenwood, Moody & Robertson and Dan Moody, all of Austin, for appellant.

Egbert Schweppe and Moursund, Ball, Moursund & Bergstrom, all of San Antonio, for appellee.

O'QUINN, Justice.

On a former day of this term of this court, we dismissed this appeal for want of prosecution. On motion for rehearing the judgment of dismissal was set aside and the cause restored on the docket for disposal on the merits.

This is an appeal from an order overruling a plea of privilege. The suit was originally filed in the District Court of Kendall County, Texas, by Mrs. Lillian Towns, individually, and in her capacity as guardian of the person and estate of Wilbur Towns, Marion Towns, Albert Towns, Jr., and Elizabeth Sue Towns, her minor children, to recover damages from the appellee railroad company for injuries to and the death of Albert Towns, the deceased husband of Mrs. Lillian Towns, and father of said minor plaintiffs, alleged to have been caused by the negligence of appellee railroad company.

Appellee filed its original answer, which included a cross-action against appellant, Brown & Root, Inc., praying that if appellee be held liable to plaintiffs for any sum then that it have judgment over against appellant for such sum so adjudged against it. In its cross-action appellee alleged that it was entitled to judgment over against appellant by virtue of an alleged written contract of indemnity which appellee alleged was executed by and between appellant and appellee on about September 7, 1933. The injury of which plaintiffs complained occurred about November 28, 1933. In its cross-action appellee alleged that appellant leased a portion of its right-

of-way adjacent to its track, which leased land, it alleged, was used by appellant in the furtherance of its business of constructing public roads, and that as a part of such lease contract appellant contracted to indemnify appellee against liability resulting to it from appellant's use of appellee's right-of-way. The portion of the lease contract, upon which appellee relies in its cross-action, reads: "Said Lessee further agrees to release, defend and save harmless said Lessor from and indemnify if for and against any and all liability and suits or claims for damages for personal injury to, or injury resulting in the death of the lessee, or its employees, officers or agents, or persons on said premises with Lessee's consent, expressed or implied, caused by the Lessor or its employees while operating locomotive or cars upon or adjacent to the leased premises".

It was further alleged by appellee that the deceased, Albert Towns, was an employee of appellant, and that under the above quoted paragraph of said lease contract appellant was liable to appellee for any damages that might be recovered against appellee.

Appellant duly filed its plea of privilege to be sued in the county of its domicile, which it alleged to be Travis County, Texas. Appellee filed its controverting affidavit in which, as in its cross-action, it alleged the liability of appellant by virtue of the above set out contract of indemnity. The plea of privilege and the controverting affidavit were duly heard, in which hearing the parties stipulated that appellant was a private corporation organized under the laws of the State of Texas with its domicile and place of business in Travis County, Texas, and that it had no office or agent in Kendall County, Texas; that Albert Towns was injured in Kendall County; that plaintiff, Mrs. Lillian Towns, sued to recover damages resulting from said injuries; that deceased Towns was at the time of his receiving his injuries an employee of appellant; that deceased Towns was injured on the switch track of appellee while car was being spotted for appellant by appellee; that appellant was operating an asphalt mixing plant on a tract of land adjacent to appellee's railroad track; that plaintiff's petition might be offered in evidence for the sole purpose of showing the nature of her suit and the items of damages she sought to recover, and that appellee's cross-action might be offered for the sole purpose of showing the nature of its cross-action. On this hearing, appellee introduced the alleged indemnity contract and then rested. After hearing the evidence offered by appellant and appellee, the court entered its order overruling the plea of privilege, from which order this appeal was taken:

We sustain appellant's first assignment of error, which reads: "Where the sole grounds for appellant's liability was an alleged contract of indemnity which appellee pleaded had been executed between appellant and appellee prior to the time of the injury complained of by the original plaintiff, it was error for the trial court to admit such contract in evidence over the objection of appellant that it must first be shown that the contract had been entered into and delivered at the time the alleged injury occurred".

The record discloses that Mrs. Towns sought to recover damages from the railroad company for the death of her husband. The railroad company in its answer, by way of cross-action, plead over against appellant, Brown & Root, Inc., the employer of deceased Towns, and asked for judgment against said Brown & Root for such sum as might be adjudged against it, on the ground of the indemnity contract which it plead. Appellee, the railroad company, offered in evidence its alleged contract of indemnity. Appellant objected to the introduction of the contract on the ground that its execution must have been shown to have been prior to the occurrence of the alleged injury. This objection was overruled, and the contract admitted in evidence. To this action of the court exception was duly taken and preserved. On the authority of Johnson v. Dallas Cooperage & Woodenware Company, 120 Tex. 27, 34 S.W.2d 845, the assignment must be sustained.

The judgment is reversed and the cause remanded for another trial in consonance herewith.