### GAINER v. BALCAR.

### No. 3597.

Court of Civil Appeals of Texas. Beaumont.

Jan. 11, 1940.

B. L. Collins, of Lufkin, for appellant.

C. W. Wiedemann, of Beaumont, for appellee.

WALKER, Chief Justice.

This suit was filed in the County Court of Jefferson County at Law, Jefferson County, Texas, by appellee, F. L. Balcar, against appellant, W. O. Gainer, on a promissory note in the sum of $274.16, on the allegations of the petition, executed by appellant and payable to appellee at the First National Bank of Beaumont, Texas. Appellant filed his plea of privilege to be sued in Angelina County, Texas. By his controverting affidavit, appellee attempted to sustain his venue in Jefferson County on the ground that the note was payable in Jefferson County. In support of his controverting affidavit, he offered in evidence only the note sued upon, which was received over appellant's exception, that, as against his plea of privilege, no predicate was laid for the introduction of the note, "there being no proof in the record, establishing the execution and delivery of the note by defendant to plaintiff."

The court erred in receiving the note in evidence over appellant's objection. The plea of privilege constituted a plea of non est factum, and required appellee to show that appellant in fact executed the note. The mere introduction of the note in evidence with appellant's name signed thereto did not raise the issue of its execution by him, as against the plea of privilege. Chambers v. First National Bank of Hemphill, Tex.Civ.App., 104 S.W.2d 58. See note on this point, A. H. Belo Corporation v. Blanton, Tex.Sup., 129 S.W.2d 619; 18 Texas Law Review, page 111.

It follows that the judgment of the lower court must be reversed and the cause remanded for a new trial, and it is accordingly so ordered.

Reversed and remanded.