SAMANTHA J. WILKINS, *et al.*, v. MICHAEL H. MOORE.

1. CONTINUANCE; *Absent Witness; Diligence of Party.* Where a motion for continuance was made on the ground of an absent witness, and the only proof of diligence is the statement of the party that the witness promised to attend, and there is no showing of any attempt to use the legal means to obtain his testimony, the motion was properly overruled.

2. PLEADING; *Petition; Allegation of Non-Payment of Amount Due.* Where the petition in an action on a note and mortgage showed that the mortgage contained a stipulation that on the failure to pay any interest when due, the principal should immediately become due and payable, and alleged a failure to pay interest, by reason whereof "the whole amount of money became due and payable, and the said deed had become absolute," and the answer denied under oath the execution of the note and mortgage, and this was the issue really tried, *held,* that a judgment for the plaintiff will not be reversed, although the petition failed to contain the specific allegation that no portion of the money had been paid, or that the same was at the time of filing still due and owing.

3. EXECUTION OF DEED; *Certificate of Acknowledgment; Evidence.* The acknowledgment of a deed is *prima facie* evidence of its execution, and a deed properly acknowledged may be given in evidence without further proof, although its execution is denied under oath in the answer.

4. CLIENT AND ATTORNEY; *Privileged Communications; Waiver by Client.* Communications from a client to his attorney are privileged, and inadmissible in evidence, except so far as the client voluntarily offers himself as a witness concerning them.

*Error from Anderson District Court.*

FORECLOSURE, brought by *Moore*, against B. S. Wilkins, *Samantha J. Wilkins*, and *John Poplin*. Decree of foreclosure, and for the sale of the mortgaged premises, at September Term 1877 of the district court, and Mrs. *Wilkins* and *Poplin* bring the case here on error.

*H. L. Poplin*, for plaintiffs in error.

*W. A. Johnson*, and *A. Bergen*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action to foreclose a note and mortgage, given by B. S. Wilkins and wife to defendant in

error. Mrs. Wilkins filed an answer under oath denying the execution of the note and mortgage. B. S. Wilkins filed no answer. John Poplin, the other plaintiff in error, filed an answer, setting up title in himself by conveyances subsequent to the date of the mortgage sued on. Verdict and judgment were for defendant in error.

1. Continuance; diligence.

Many matters are presented to our notice in the brief of counsel for plaintiffs in error, some of which require notice, while others have already been settled. The cases of *Educational Association v. Hitchcock*, 4 Kas. 36, and *Swenson v. Aultman*, 14 Kas. 273, dispose of the alleged error in overruling the motion for a continuance.

Objection is made to the petition, in that it failed to allege specifically that, at the time of filing, anything was due on the note and mortgage. The mortgage stipulated that on failure to pay interest on the note, or taxes on the mortgaged premises, when due, the whole amount of principal should become due; and the petition alleged a failure to pay interest and taxes, by reason of which failure "the whole amount of money became due and payable, and the said deed has become absolute." Even conceding that there is a technical defect in the omission of such ordinary allegations as "that the amount is still due and payable," or, that "the defendant, though often requested, has hitherto refused and does still refuse to pay the same," yet the error is not one which in the interests of substantial justice calls for any interference with the judgment. A default was alleged. A right of action was shown to have existed. And the presumption would be, that such default and right of action had continued. No plea of payment was filed, and no offer to show that any had been made. The contest was upon another issue — the execution of the note and mortgage. The defendants were in no degree misled.

2. Pleading; petition; allegation of non-payment.

The execution of the mortgage was denied under oath. When offered, it appeared to have been duly acknowledged, and over the objection of defendants was admitted in evidence without further proof of its execution. This was proper. The acknowledgment

3. Execution of deed; acknowledgment.

furnishes *prima facie* evidence of the execution of the deed, and when so acknowledged it may "be read in evidence without further proof." (Gen. Stat., p. 188, § 26.) Of course, the matter is still open for further testimony, either written or oral, for the acknowledgment is not conclusive evidence. We see no error in the admission or exclusion of testimony that calls for a reversal of the judgment.

The defendants below called one of Moore's attorneys as a witness for them, and "offered to show by him·the declarations of Moore to witness whilst witness was his attorney and counsel, which testimony was objected to by plaintiff, as priv

4. Client and attorney; privileged communications.

ileged." "The court overruled the testimony offered, except so far as plaintiff Moore had voluntarily offered himself as a witness, but as to those matters permitted the evidence to be given — to which decision and ruling the defendants excepted." This ruling of the court was substantially in accordance with the statute, and was not erroneous. (*The State v. White,* 19 Kas. 445.) The defendants then proceeded to examine said witness under the ruling of the court. His testimony was given accordingly, and it does not appear from the record that any specific question was asked which was objected to. The defendants seem to have rested on the general objection and ruling as above stated. Under the pleadings, and consent of parties, but a single question was left for the jury, and that was properly submitted to them.

In support of the motion for new trial defendants offered the affidavits of some of the jurors, that they misunderstood

Jury cannot impeach their own verdict.

the import of a portion of the testimony. They do not say that if they had understood this portion of the testimony correctly they would have found a different verdict; and it is well settled, that a verdict will not be disturbed upon such affidavits. *The State v. Dickson,* 6 Kas. 209; *Terry v. Bailey,* 12 Kas. 539. Upon the whole record we see no substantial error, and the judgment will be affirmed.

All the Justices concurring.