THE ANGLO-AMERICAN LAND, MORTGAGE AND AGENCY COMPANY, LIMITED, v. ERNEST G. HEGWER *et al.*

No. 157.

EVIDENCE—*Acknowledged Mortgage—Prima Facie Case.* A mortgage properly acknowledged may be introduced in evidence and read without further proof, and when so introduced and read it makes a *prima facie* case, although its execution is denied by a verified answer.

Error from Pratt district court; W. O. BASHORE, judge. Opinion filed January 18, 1898. Reversed.

*J. F. Perdue,* for plaintiff in error.

*Wm. Barrett,* and *Thompson & Apt,* for defendants in error.

The opinion of the court was delivered by

DENNISON, P. J. : The plaintiff in error filed its petition in the district court of Pratt county, alleging that Ernest G. Hegwer and Mary C. Hegwer had

executed and delivered to Collins & Hegwer a certain promissory note and a real-estate mortgage, pledging the northeast quarter of section 15, in township 27 south, of range 11 west of the sixth principal meridian, as security for the payment of the note. It also alleged that the payment of the note was guaranteed by John W. Collins, Henry Hegwer, and Collins & Hegwer, and was by them assigned and delivered to James L. Lombard, who in turn transferred it to the plaintiff in error. The amount of the note was $600, upon which is indorsed the sum of $185. The petition asked for the foreclosure of the mortgage and a personal judgment for any sum remaining unpaid after the sale of the real estate.

Maria C. Hegwer, who is sued as Mary C. Hegwer, filed an answer to the petition in which she denies the execution, acknowledgment or delivery of the note and mortgage, and alleges that she and her husband Ernest G. Hegwer, who is now deceased, lived upon and occupied as their homestead the land described in the mortgage, at the time of its alleged execution and delivery. This answer is verified by her, and the cause went to trial upon the issues so joined. Upon the trial of the action the plaintiff introduced the note and mortgage in evidence, and they were read to the jury without objection. The plaintiff then offered to prove the signature on the note by comparing the same with the signature on the mortgage — the mortgage being an acknowledged instrument — and then rested.

The defendant demurred to the evidence of the plaintiffs "upon the ground and for the reason that the evidence offered does not prove any right to foreclose against the defendant on the issues made up in this case." The demurrer was sustained by the court, over the objections of the defendant.

Mortgage Co. v. Hegwer.

There is but one question presented to us for determination, and that is, Did the introduction of the note and mortgage in evidence without objection establish a *prima facie* case, where their execution is denied under oath? If so, the court erred in sustaining the demurrer; if not, the judgment must be affirmed. As a general rule it must be held that the mortgage duly acknowledged not only makes a *prima facie* case, but that it could be introduced and read in evidence without further proof, even over the objection of the defendants. (Gen. Stat. 1889, ¶ 1135; Gen. Stat. 1897, ch. 117, § 26.) And this is true although its execution is denied by a verified answer. (*Wilkins v. Moore*, 20 Kan. 538.)

The defendants in error contend that the execution of the note was not proven and that without a debt there can be no mortgage. The same facts exist in the case last cited that exist in this case, and the court in that case sustained a judgment of foreclosure. We do not feel at liberty to make a different finding, even though we may not fully concur in the above decision.

The plaintiff in error made a *prima facie* case in the district court, and the demurrer was improperly sustained.

The judgment of the district court is reversed, and the case remanded for a new trial.