**THANE v. DALLAS JOINT STOCK LAND BANK OF DALLAS et al.**

No. 5028.

Court of Civil Appeals of Texas. Amarillo.

May 22, 1939.

Rehearing Denied June 19, 1939.

Henry G. Andrews, of Stamford, and Malone, Lipscomb, White & Seay, of Dallas, for appellant.

Lawther, Cramer, Perry & Johnson, Hugh W. Ferguson, Jr., Searcy L. Johnson, and Wm. Cramer, all of Dallas, for appellees.

STOKES, Justice.

This suit was instituted in the district court of Dallas County by the appellee, The Dallas Joint Stock Land Bank of Dallas, against Eugene Lamorere of Wichita County, O. P. Harlan, Warren B. Tayman and Charlsie Tayman of Jones County, Sallie Davenport of Bexar County, and appellant, Henriette Thane, of Jones County, individually and as independent executrix of the estate of her deceased husband, William Thane.

The suit was to recover the balance alleged to be due on a promissory note executed by Eugene Lamorere, payable to appellee, at Dallas, and to foreclose a deed of trust lien executed by him on land located in Haskell County to secure the payment of the note. It was alleged that all of the other defendants except Henriette Thane had assumed payment of all, or a portion, of the note and that William Thane, deceased, had assumed a portion of it.

Appellant, Henriette Thane, filed a plea of privilege to be sued in Jones County, the county of her residence, which was controverted as provided by the statute and upon a hearing by the court of the issues made upon the plea of privilege and controverting affidavit, the plea of privilege was overruled. Appellant duly excepted, gave notice of appeal, and perfected an appeal to the Court of Civil Appeals of the Fifth District. Upon an order equalizing the dockets of the Courts of Civil Appeals, the Supreme Court transferred the case to this court and the record is now before us for review.

Appellee introduced in evidence the deed of trust executed by Eugene Lamorere, which was duly acknowledged before a notary public. It also introduced the note executed by him and a release that had been executed by William Thane during his lifetime to Warren B. Tayman, releasing a deed of trust lien on the land, which lien had been held by William Thane. In the release it is stated that O. P. Harlan had theretofore conveyed his undivided one-half interest in the land to William Thane and that William Thane expressly assumed the payment of one-half of the indebtedness due against the land. This release was signed and duly acknowledged by William Thane before a notary public. Appellant also introduced an order entered by the probate court of Jones County, admitting to probate the last will and testament of William Thane in which he bequeathed his entire estate to appellant, his surviving wife, subject only to the payment of his just debts, and appointed her independent executrix of his will. This constituted the only evidence introduced upon the trial of the plea of privilege and appellant contends under a number of assignments of error that it was wholly insufficient to form the basis of a judgment in favor of appellee and denying her plea of privilege to be sued in Jones County, the county of her residence. She contends, first, that her sworn plea of privilege was, in effect, a plea of non est factum and that the deed of trust, although duly acknowledged before a notary public, was insufficient to prove that Eugene Lamorere had promised to pay the obligation in Dallas County. She makes the same contention with reference to the release executed by William Thane, deceased, asserting that, although it was duly acknowledged before a notary public, it was insufficient, as against her sworn plea of privilege, to establish the fact stated therein that William Thane had assumed a portion of the indebtedness sued upon. Secondly, that the evidence was insufficient to establish the fact that she was independent executrix of the last will and testament of William Thane, or devisee under his will, and the court erred, therefore, in overruling her plea of privilege as such. Thirdly, that she was not a necessary party to the suit and that neither she nor any of the other parties thereto being residents of Dallas County, venue could not be maintained as to her in that county in the face of her plea of privilege

under Sub. 29a of Art. 1995, Vernon's Ann.Civ.St.

■ Appellant's first contention challenges the sufficiency of the evidence to prove the execution of the note and deed of trust by Eugene Lamorere. The deed of trust and note were offered in evidence and admitted without objection on the part of appellant. In discussing similar questions, some of the courts have suggested a distinction between a case in which the deed of trust was admitted without objection and one in which it was admitted in evidence over an objection. Blackerby v. Seale, Tex.Civ.App., 81 S.W. 2d 128. In our opinion, it would make no material difference whether the introduction of the deed of trust was objected to or not. If it is admissible under the rules of evidence, an objection to its admission should be overruled. If, on the other hand, it is not admissible over an objection, it would not contain sufficient probative force to constitute the basis of a judgment overruling the plea of privilege. The question of whether a written instrument duly acknowledged is admissible or, if admitted, carries sufficient probative force to constitute the basis of a judgment overruling the plea of privilege has been the subject of considerable discussion in our courts and considerable conflict of opinion is revealed in their pronouncements. Art. 3723, R.C.S. 1925, provides that: "All declarations and protests made and acknowledgments taken by notaries public, and certified copies of their records and official papers, shall be received as evidence of the facts therein stated in any court of this State."

We know of no statute under which the provisions of the quoted article are made nugatory by the filing of a plea of privilege. Our courts, by an unbroken line of decisions, have so construed Art. 3726, R.C.S., 1925, Vernon's Ann.Civ.St. art. 3726, upon the filing of a plea of forgery. Steiner v. Jester, 86 Tex. 415, 25 S.W. 411; Willis v. Lewis, 28 Tex. 185; Village Mills Co. v. Houston Oil Co., Tex.Civ.App., 186 S.W. 785; Crosby v. Ardoin, Tex.Civ.App., 145 S.W. 709.

■ A reading of the latter article will reveal, however, that such is its plain terms. It, therefore, should not be confused with Art. 3723 and care should likewise be taken to avoid confusion between those allegations which are necessary to constitute a plea of privilege and

those necessary to constitute a plea of forgery. Appellant contends that the opinion of the Supreme Court, speaking through Judge Short of the Commission of Appeals, in Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W. 2d 845, is authority for her position in this case. We do not so consider that case. It is a leading case upon the general issue made by the briefs in the instant case and its holding furnishes a clear guide for the courts in deciding many perplexing questions that are presented by pleas of privilege and controverting affidavits. The opinion states, however, that the only fact in issue was the identity of the person alleged to be liable upon the obligation sued upon. The suit was not upon an instrument that had been duly acknowledged before an officer, but was upon "trade acceptances" that had been signed in the firm name by Johnson's deceased partner, G. W. Derby. No proof was offered, nor was it contended, that Johnson personally signed the acceptance and it was not shown that Derby was a member of the firm nor that he had authority from Johnson to bind the latter through either a partnership or any kind of agency. The question, therefore, was as to the identity of the *person* alleged to be liable upon the obligations sued upon and whether or not the "Johnson" mentioned in the instruments was the identical person sued as a defendant in the case. The opinion states that any combination of circumstances sufficient to overcome the prima facie case made by the plea of privilege would have met the issue thus presented. Applying that rule to the instant case, we think appellee was entitled, under the provisions of Art. 3723, to introduce the deed of trust and it then became a question for the trial court to decide as to whether or not the combination of circumstances before him was sufficient to overcome the prima facie case made by the plea of privilege. Tarver, Steele & Co. v. Pendleton Gin Co., Tex.Civ.App., 25 S.W.2d 156.

In further support of her contention appellant cites us to the case of Blackerby v. Seale, Tex.Civ.App., 81 S.W. 2d 128. It is said in that case: "The authorities support appellant's proposition that the plea of privilege was in effect a plea of non est factum, both as to the note and the mortgage, and the introduction of the written instruments without evidence of their execution by appellant was insufficient to support the venue in Angelina county." The chattel mortgage had been regularly acknowledged before a notary public and the opinion supports appellant's contention. It will be noted, however, that, of the five cases cited by the court in support of its opinion, only one, (Olschewske v. Smyth, Tex.Civ.App., 62 S.W.2d 220) involves an acknowledged instrument. The Olschewske case involved a deed of trust and the court held that the provisions of Art. 3723 do not dispense with the requirement that the execution of the deed of trust must be proved by "extrinsic evidence" in accordance with the holding of the Supreme Court in Johnson v. Dallas Cooperage & Woodenware Company, supra, and Berry v. Pierce Petroleum Corp., 120 Tex. 452, 39 S.W.2d 824. In neither of those cases was an acknowledged instrument involved and it is clear the court was of the opinion that the "extrinsic evidence" required by the holding of the Supreme Court in the Johnson and Berry cases was only such evidence as is produced aliunde the deed of trust and certificate of acknowledgment. We do not understand those cases to place such a limitation upon the extrinsic evidence required. Art. 3723, by its plain terms, declares that acknowledgments taken by notaries public shall be received as evidence of the facts therein stated in any court in this state. There being no other statutory provision under which a sworn plea of privilege destroys the provisions of that article, we cannot escape the conclusion that the deed of trust with its certificate of acknowledgment was admissible in the instant case. Whether the plea of privilege was, in effect, a plea of non est factum is beside the point. We have been cited to no case, and the rather extensive investigation we have made has failed to reveal any case by the courts of this state in which it is held that even a formal plea of non est factum under Art. 2010, Sub. 8, renders inadmissible an instrument duly acknowledged as provided in Art. 3723. In other jurisdictions we find ample authority for a contrary holding. Wilkins v. Moore, 20 Kan. 538; Anglo-American Land Mortgage & Agency Co. v. Hegwer et al., 7 Kan. App. 689, 51 P. 915; Wester v. Lucas,

177 Okl. 147, 57 P.2d 1179; Key v. Midland Sav. & Loan Co., 145 Okl. 79, 291 P. 573.

In the case of Smith v. Dozier Construction Co., 66 S.W.2d 744, the Austin Court of Civil Appeals had before it a question very similar to the one we are now discussing. In that case a mechanic's lien contract, together with the certificate of the notary public under which it had been acknowledged, was introduced upon the hearing of a plea of privilege. The court quoted the provisions of Art. 3723, R.C.S., 1925, and held that it was a statutory rule of evidence and conclusive of the facts therein stated. It was further held that an instrument duly acknowledged and which constitutes the basis of the cause of action may be admitted in evidence without other proof of its execution, even though a sworn plea of privilege has been filed.

In the recent case of Martinez et al. v. Southwest Bitulithic Co., 119 S.W.2d 740, the San Antonio Court of Civil Appeals had before it what it termed a formal plea of non est factum. Following the concept that a plea of privilege is tantamount to a plea of non est factum, the San Antonio court specifically declined to follow the holding of the Austin Court of Civil Appeals in the case of Smith v. Dozier Construction Co., supra. A writ of error was applied for and, the case involving a formal plea of non est factum, and being, therefore, one of which the Supreme Court has jurisdiction, a writ of error was granted upon the conflict, together with two other assignments of error. A close reading of the facts in the Martinez case suggests that the verified plea was one of forgery under Art. 3726 instead of a plea of non est factum under Art. 2010, R.C.S. It is possible the court was influenced largely by the strict provisions of the former article and the holdings of our courts upon its interpretation since, in support of its holding, the case of Steiner v. Jester, supra, and other cases construing the forgery statute were cited.

■ Neither the acknowledgment of a man or single woman nor the certificate executed by the officer before whom an acknowledgment is taken is in any sense a part of the conveyance. The certificate is merely a verification of the act of the maker of the instrument and is not essential to its validity. Clements v. Texas Co., Tex.Civ.App., 273 S.W. 993. The certificate of acknowledgment, therefore, constitutes extrinsic evidence of the act of the maker and, by force of the statute, constitutes proof of his act in signing it, not only, but that he was the identical person who did so and that he executed it for the purposes and consideration therein expressed.

■ In our opinion, the deed of trust and certificate of acknowledgment involved here were not only admissible as evidence but, in the absence of controverting proof, were sufficient to establish the fact that Eugene Lamorere signed the deed of trust and the note sued upon which was fully described therein. Appellant's first contention and assignments of error with reference thereto will, therefore, be overruled.

■ The second contention of appellant is, in effect, that the evidence was not sufficient to establish her official capacity as independent executrix of the last will and testament of William Thane, deceased, nor her status as devisee under his will. Appellee introduced an order of the probate court of Jones County admitting to probate the last will and testament of William Thane. The order shows the application was made by appellant and that she presented the will to the court with the request that it be proved and probated as such. Moreover, in her plea of privilege filed in this case, appellant designated herself as executrix of the estate of William Thane, deceased, and appeared as such. Appellee's allegations in this respect and the evidence afforded by these documents probably would have been strengthened by the introduction in evidence of the oath, if any, taken and filed by appellant in the administration and the letters testamentary, if any, that were issued to her, but, in the absence of any evidence to the contrary, we think the order of the probate court showing the will and application to have been presented by appellant, and her appointment by the court as such, together with her own appearance in the instant case as executrix of the estate, constituted ample evidence to establish her official status as such.

■ The third contention made by appellant involves the question of whether or not she was a necessary party to the suit as provided by Sub. 29a of Art. 1995, Vernon's Ann.Civ.St. She makes no contention that, at the time of his death,

William Thane was not the owner of the property covered by the deed of trust. In his last will and testament he bequeathed to appellant all of his property of every kind and nature, and wherever situated, subject only to the payment of his just debts. It necessarily follows that, subject to the deed of trust held by appellee, appellant was the owner of the property upon which foreclosure was sought. It has been held by an unbroken line of decisions from an early day that the grantee of mortgaged realty is a necessary party to a suit for foreclosure of a deed of trust securing a note payable to the plaintiff. Pioneer Bldg. & Loan Ass'n v. Gray et al., Tex.Com.App., 125 S.W.2d 284; Hamilton et al. v. Federal Land Bank, Tex.Civ. App., 125 S.W.2d 1088; Wm. H. Pierson et al. v. Lee Pierson, Tex.Civ.App., 128 S.W.2d 108, and authorities there cited. While appellant did not purchase the property and, therefore, was not, in the strict sense, grantee thereof, she became, to all intents and purposes, the owner of the land through the bequest of her deceased husband and without her presence no effective foreclosure of the deed of trust could have been had. She was, therefore, a necessary party to the suit and her assignments of error in respect to these matters will be overruled.

▆▆▆▆ Appellant asserts that, under the provisions of Sub. 5 of Art. 1995, as amended in 1935, Vernon's Ann.Civ.St. art. 1995, subd. 5, she, as executrix of the estate of her deceased husband, cannot be forced to litigate the questions involved in this case outside of the county where the administration was pending when the will was probated. The original subdivision was to the effect that, if a person had contracted in writing to perform an obligation in a particular county, suit could be brought either in such county or where the defendant had his domicile. The amendment injected the provision that he could be sued in the county in which he contracted to perform the obligation if he specifically named such county. It made a further change in providing that the suit may be brought in such county "against him". Appellant contends that the insertion of the words "against him"

excludes his executors and administrators and it seems that in at least one case (Daniel v. Jones, Tex.Civ.App., 103 S.W. 2d 437) she is supported in the contention. Upon a motion for rehearing in that case, however, it was discovered the case had been filed in the trial court before the amendment was enacted and the judgment reversing it was set aside. It was then affirmed upon the ground that it was controlled by the provisions of the original statute. The holding relied upon by appellant, therefore, became obiter dicta and we are cited to no other case that supports it.

We do not agree with this contention of appellant. If so strict interpretation should be placed upon the amended article, then it must follow that, by analogy, one purchasing property upon which such a lien exists but who does not specifically assume the obligation, could not be sued in the county in which his grantor contracted in writing to pay it, although he would be a necessary party to such a suit. In our opinion, the simple provisions of the amendment cannot be stretched to such lengths. The amendment was enacted for the purpose only of clarifying the confusion that had arisen by the numerous decisions of the courts upon the many complex combinations of facts presented to them under the provisions of the statute. This is clearly revealed by the caption and the emergency clause of the amendment. Under the original statute it had consistently been held by the courts that an executor or administrator was bound by the contract of the decedent in reference to venue. Vela v. Shacklett, Tex. Civ.App., 1 S.W.2d 670; Key v. Alamo Nat. Co., Tex.Civ.App., 62 S.W.2d 1002. If it had been the purpose of the Legislature to change the law in the respect contended by appellant, it could, and, we think, would have done so by plain and simple language. We overrule this contention.

We have considered all of the assignments of error and propositions presented by appellant and, in our opinion, no error is shown by any of them. The judgment of the court below will, therefore, be affirmed.