**HESS v. YOUNG et al.**

No. 2403.

Court of Civil Appeals of Texas. Waco.

March 26, 1942.

R. A. Kilpatrick, of Cleburne, and W. Clyde Hull and O. S. Perfect, both of Pittsburg, for appellant.

Irwin T. Ward, of Cleburne, for appellee.

HALE, Justice.

Mrs. Mary Young and husband instituted this suit in the District Court of Johnson County against Mrs. Elizabeth Hess, on two vendor's lien notes. Defendant filed her plea of privilege in statutory form asserting her right to be sued in Camp County. Plaintiffs seasonably controverted the plea upon the ground that their suit was based on a written contract performable in Johnson County. After a hearing on the issue thus joined, the court overruled the plea of privilege and defendant has appealed. The controlling question in the case is whether the competent evidence adduced upon the hearing was sufficient to establish the existence of the venue facts embraced in Exception 5 of Article 1995, Vernon's Annotated Civil Statutes.

When a plea of privilege in due form is seasonably filed, it should be sustained unless the adverse party properly establishes by pleading and proof the facts which constitute one or more of the ex-

ceptions enumerated in Article 1995. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. Subdivision 5 of the venue statute provides that if a person has contracted in writing to perform an obligation in a particular county, suit may be brought on the obligation in such county. Therefore, it became necessary for appellees to prove in this proceeding that their suit was based upon (1) an obligation in writing, (2) executed by appellant, and (3) performable in Johnson County. By appropriate points appellant asserts that appellees wholly failed to discharge this burden.

Upon the hearing Mrs. Young testified that she executed and acknowledged the deed of conveyence described in her petition. The recorded deed dated September 27, 1938, as executed and duly acknowledged, was introduced in evidence. It recited a conveyance by appellees of certain real estate situated in Camp County to appellant in consideration of $750 cash and the execution by appellant of her two vendor's lien notes of even date, being in the principal sums of $1,250 and $500, respectively, each being payable to Mrs. Young at Cleburne, Texas. The notes, as fully described in said petition and deed, were also introduced in evidence over the timely objection of counsel for appellant that their execution had not been proved. Each note was dated September 27, 1938, was payable to Mrs. Young at Cleburne, Johnson County, Texas, each reciting that it was given in part payment for the real estate conveyed by the deed above referred to. Mrs. Young also testified that she had not been paid anything on the notes other than the credit of $730.42 endorsed on the back of the $1,250 note.

■ John R. Beaver testified that he had been engaged in the banking business for about 26 years, during which time he had occasion to compare signatures on various instruments; that he had compared the signature to appellant's plea of privilege with the signatures appearing on the two vendor's lien notes in evidence and in his opinion they were all the same. Appellant's plea of privilege bearing her sworn signature was then introduced in evidence. We think the testimony of the witness Beaver was competent and admissible and, when considered in connection with the deed, notes and genuine signature of appellant appearing on her plea of privilege, was sufficient to sustain the implied finding of the trial court that appellant had executed

the notes sued upon. Article 3737b, Vernon's Ann.Stats.; Millington v. Millington, Tex.Civ.App., 25 S.W. 320; C.I.T. Corp. v. McLeod, Tex.Civ.App., 103 S.W.2d 387; Alexander v. State, Tex.Civ.App., 115 S.W. 2d 1122.

■ Although appellant was not present at the hearing and did not testify, she filed a reply to the controverting affidavit of appellees in which she pleaded, under oath, that the $1,250 note referred to in the original petition of appellees was executed by her with the place of payment in blank form, the provision making such note payable at Cleburne having been filled in after she executed the same; that she had paid said note in full prior to the institution of this suit. In view of such verified pleading, she contends the burden was thereby cast upon appellees to prove in this proceeding that the provision in the $1,250 note making it payable at Cleburne was filled in prior to the time she signed same, and that such note had not been paid. We do not agree with these contentions. In our opinion, the issues thus raised do not constitute any part of the essential venue facts, but such issues relate to defensive matters to be determined upon a trial of the merits. Curlee Clothing Co. v. Wickliffe, 126 Tex. 573, 91 S.W.2d 677; Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810; Farmers' Seed & Gin Co., Inc., v. Brooks, 125 Tex. 234, 81 S.W.2d 675; Thomason v. Haskell Nat. Bank, Tex.Civ.App., 56 S.W.2d 242; 17 Tex.Jur., p. 332, par. 103.

■ Moreover, counsel for appellees testified that he prepared the original deed and vendor's lien notes in evidence and that the provision making each note payable at Cleburne, Johnson County, Texas, was filled in by him at that time and hence prior to their execution. He further testified that after the institution of this suit appellant came to his office and in the course of their conversation she inspected said notes and admitted to him that she had executed the same. Appellant says the court committed reversible error in permitting this testimony over her timely objection that the conversation was with reference to a settlement of the case. However, it is not necessary for us to pass upon the admissibility of the conversation, or of the other evidence complained of, because it does not appear that the trial court was influenced thereby. Even though some of the evidence objected to might have been improperly admitted, the same would not require

a reversal since the competent, admissible evidence which we have set forth was sufficient to sustain the implied findings on the essential venue facts. Ferguson v. Ferguson, Tex.Com.App., 23 S.W.2d 673; Highway Motor Freight Lines v. Slaughter, Tex.Civ.App., 84 S.W.2d 533; Thane v. Dallas Joint Stock Land Bank, Tex.Civ. App., 129 S.W.2d 795.

It follows from what we have said that all of appellant's points are overruled and the judgment of the trial court is affirmed.