**Affirmed and Majority and Dissenting Opinions filed April 25, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-10-01127-CV

## NEW DELIVERANCE CHURCH, INC., Appellant

### V.

## ADAM MILLER AND HOUSSIERE, DURANT & HOUSSIERE, LLP, Appellees

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2004-70043A**

## D I S S E N T I N G   O P I N I O N

I agree with the majority opinion on the resolution of the issues pertaining to HRD because this appeal is not between the Church and HRD and this appeal does not involve the propriety of the trial court's order enforcing the settlement between the Church and HRD. However, the fact that the trial court has enforced the settlement between the Church and HRD is pertinent to these proceedings

inasmuch as the Attorneys' Petition in Intervention at issue here is the Attorneys' claim to a portion of the HRD settlement proceeds as fees for services to the Church in connection with the HRD litigation.

I do not agree with the majority on Issue No. 3 and the decision to reverse the trial court's summary judgment on the Attorneys' Petition in Intervention. The trial court granted the Attorneys' motion for summary judgment on their Petition in Intervention for fees because the Church did not challenge their justiciable interest in the HRD litigation and the Attorneys eliminated all genuine issue of fact on the amount of fees. I would find no error. Therefore, I respectfully dissent.

## PROCEDURAL BACKGROUND

I do not disagree with the accuracy of the facts stated by the majority. The factual statement is, however, wholly incomplete because it ignores the procedural facts. The procedural facts are dispositive of this action because they establish the matters upon which the Attorneys needed to offer proof to obtain summary judgment. Therefore, I recite those procedural facts here.

The Attorneys filed the underlying lawsuit on behalf of the Church. The suit involved a chemical plant explosion that was alleged to have caused injury and property damage. The Attorneys represented the Church from the time they filed suit on behalf of the Church in September 2005 until the mediation in February 2007. Thus, on behalf of the Church, the Attorneys filed pleadings, conducted discovery, and hired expert witnesses in preparation for trial of the claims of the Church. The Attorneys even defended the Church against an intervention by the Church's secured lender Church Mortgage and Loan Corporation.

The Church, with the Attorneys by its side, settled its claim at mediation for $300,000. Subsequently, the Church fired the Attorneys, and contested the

2

settlement. The Attorneys withdrew. The trial court ordered the Attorneys to deposit the contested settlement funds pending determination of enforcement and who was entitled to the funds. On May 7, 2010, the trial court entered an order enforcing the 2007 settlement between the Church and HRD.

The Attorneys filed the instant Petition in Intervention alleging a justiciable interest in the Church's recovery. The Church filed an answer *with a verified denial*. The Church also filed a motion to strike the intervention. The Attorneys filed a motion for summary judgment. The Church filed a response. The attorneys then moved to strike all three of the Church's pleadings—the answer, the motion to strike, and the response to the summary judgment—alleging they were filed in violation of the Texas Disciplinary Rules of Professional Conduct. The trial court granted the Attorneys' motion to strike and struck the Church's pleadings. The trial court then granted the Attorneys' motion for summary judgment and severed the matter between the Church and the Attorneys.

The Church appeals the summary judgment granted to the Attorneys, arguing there is a fact issue regarding whether its pastor was acting in a representative capacity for the Church when she signed the original contingency-fee contract. The Attorneys respond, urging correctly in my view, that they did not need evidence of capacity because the Church did not put them to that burden with a motion to strike or a verified denial as required by TEX. R. CIV. P. 60 and 93(7). Significantly, the Church does not appeal the trial court's orders striking its answer, its verified denial, its motion to strike the Petition in Intervention, and its response to the Attorneys motion for summary judgment.

## DISCUSSION

There are two independently dispositive reasons that I disagree with the majority opinion. First, the Church waived its right to contest the Attorneys'

3

justiciable interest when it failed to appeal the trial court's order striking its motion to strike the Petition in Intervention. Second, the Church waived its right to contest the capacity in which Caslin signed the fee agreement when it failed to appeal the trial court's order striking its answer to the Petition in Intervention with a verified denial. There is no genuine issue of material fact, and the summary judgment should be affirmed.

### ***The Church waived its right to contest the Attorneys' justiciable interest.***

The pleading underlying this summary judgment is a Petition in Intervention under TEX. R. CIV. P. 60; ***it is not a breach of contract action***. Under Rule 60, "[a]ny party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." TEX. R. CIV. P. 60. If a party files a motion to strike, the burden shifts to the intervenor to show a justiciable interest in the lawsuit. *Guniganti v. Kalvakuntla*, 346 S.W.3d 242, 247 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Stated differently, without a motion to strike, an intervenor does not have any burden to show a justiciable interest. *See In re Union Carbide Corp.*, 273 S.W.3d 152, 154–55 (Tex. 2008) (orig. proceeding).

A justiciable interest in a lawsuit exists if the intervenor's interests will be affected by the litigation. *Jabri v. Alsayyed*, 145 S.W.3d 660, 672 (Tex. App.—Houston [14th Dist.] 2004, no pet.). A petition in intervention in the principal suit is an appropriate vehicle for a discharged attorney to recover fees for services rendered. *See Russell v. Dunn Equip., Inc.*, 712 S.W.2d 542, 547–50 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *see also Law Offices of Yuen & Assocs. v. Hartman Reit Operating P'ship*, No. 14-10-00636-CV, 2012 WL 1357668, at *1 (Tex. App.—Houston [14th Dist.] Apr. 17, 2012, no pet.) (mem. op.).

4

The Attorneys filed this intervention alleging they have a justiciable interest in the litigation. Specifically, the Attorneys' petition alleges that the Attorneys' "interest" in the matter is a "security interest in the settlement reached at mediation" through "an assignment of forty percent (40%) of the recovery as attorneys' fees and reasonable expenses." The Attorneys also allege that the settlement reached by the Church at mediation was signed by Caslin "as the President and CEO of New Deliverance Church." Thus, the Attorneys alleged a right to be in the lawsuit of the Church not because the Church breached a fee agreement, but because the Church assigned a portion of its cause of action to the Attorneys.

The Church responded to the "assignment" allegation by filing a motion to strike the Attorneys' Petition in Intervention as contemplated by Rule 60. However, the trial court struck that pleading, and the Church does not appeal the order striking the motion to strike.[1] Therefore, as the Attorneys urge in their brief, the Church waived its right to contest the Attorneys' justiciable interest—the assignment of 40% of its recovery. *See Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998).

In other words, the Petition in Intervention is a statement that the Attorneys own 40% of the Church's cause of action against HRD. And, when the Church's motion to strike was stricken, the Church forfeited the right to contest the Attorneys' interest. We should not, therefore, be addressing whether the Attorneys had an interest in the Church's litigation. The majority agrees that the Church has waived the right to challenge the Attorneys justiciable interest or to "argue that

---

[1] Although the trial court struck the Church's motion to strike, it is in the record. The Church challenged Caslin's capacity and authority in that motion to strike. Thus, we know that even the Church understood the need to contest capacity and authority via a Rule 60 motion to strike. If the majority is correct and the failure of the Church to appeal that order is irrelevant, then the policy underlying the burdens on Rule 60 are completely eviscerated.

appellees improperly intervened." Op. at 5. Yet, in the next paragraph, the majority ignores the waiver and shifts the burden back to the Attorneys to establish as a matter of law that the Church signed the fee agreement, stating that the Attorneys still needed to prove their claim.[2] The majority's reasoning is circular. In other words, the Attorneys have no interest in the Church's lawsuit, and are not a proper party to it, unless the Church and the Attorneys entered into an agreement. If the Church waived its right to contest the Attorneys' interest in the case, and the majority agrees it did, then the Church cannot contest the fee contract. But, the majority now allows the Church to contest the fee contract. The majority now holds the trial court erred because the Attorneys "failed to conclusively establish that they and the Church entered into the Engagement agreement." Op. at 13. If the fact question that the majority finds were to be resolved in favor of the Church upon remand, the Attorneys would never have been a proper party. The majority has circled back on itself. The majority has relieved the Church of its undisputed and unchallenged waiver. The majority punishes the Attorneys for failing to conclusively establish a fact that the Church conclusively waived; that is, the Attorneys are proper parties to this suit because they received an assigned interest in the Church's claim *in the fee agreement.* Oddly, the majority treats this Petition in Intervention like a breach of contract action though it is not one, examines the fee agreement attached to the Petition in Intervention for ambiguity, and holds there is a fact question on summary judgment. In so doing, the majority

_____

[2]*Robinett v. Kirklin Law Firm*, 178 S.W.3d 45, 49 (Tex. App.—Houston [1st Dist.] 2005, no pet.), relied upon by the majority, does not alter this fundamental waiver principle. Neither waiver nor shifting burdens was even mentioned in that case as the case was a contest between competing attorneys for fees. *Id*. Both attorneys had a justiciable interest; Robinette lost the contest because of a license suspension. *Id*. at 51. The majority's reliance on *Inter-Cont'l Corp. v. Moody*, 411 S.W.2d 578, 589 (Tex. Civ. App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.) is a puzzle. There, the First Court held that the trial court abused its discretion in striking an intervention without having a hearing on the merits of the intervention inasmuch as the intervenor adequately stated a claim. *Id*. Again, waiver is not mentioned in the case; it isn't mentioned because the trial court struck the intervention.

6

completely ignores the Church's obligation under Rule 60 and the consequences of the Church's failure to appeal the ruling on its motion to strike. Ambiguity in the fee contract would be relevant if we were reviewing the motion to strike to determine whether the Church assigned an interest. We are not.

### *The Church cannot contest capacity or authority without a sworn denial.*

There is an independent reason the Church cannot raise capacity or authority questions as defenses to the summary judgment at issue. The Church does not have a verified denial on file, and without such a pleading, the Attorneys did not have the burden to bring summary judgment evidence of authority or capacity. *See* TEX. R. CIV. P. 93(7).

The majority finds that Rule 93 is inapplicable because the Attorneys' pleading does not contain the allegation that someone "executed" the fee contract on the Church's behalf. Thus, the majority holds that unless the plaintiff seeking relief arising from an agreement specifically asserts that the agreement was "executed," the responding party need not file a verified denial. The majority's statement of the law is not only incorrect, it also shifts the pleading burden from the defendant to the plaintiff. In other words, Rule 93 requires a verified denial of these matters "unless the truth of such matters appear of record." *Id.* But the majority requires a verified denial of the matter unless the Plaintiff is silent on the matter.

The majority crafts this new Rule 93 rule in misplaced reliance upon a line of plea of privilege cases. *See Barnwell v. Fox & Jacobs Constr. Co.*, 469 S.W.2d 199 (Tex. Civ. App.—Dallas 1971, no writ); *Woods v. P. B. S. Motor Co.*, 288 S.W.2d 557 (Tex. Civ. App.—Texarkana 1956, no writ). However, the holdings in these cases rest upon the prior breach-of-contract plea of privilege rule, Article 1995, Subdivision 5. Under Subdivision 5, a plaintiff could establish venue based

7

upon a contract if it proved (1) an obligation in writing; (2) execution by the defendant; and (3) that it is performable in the county of the suit. *See, e.g.*, *Hess v. Young*, 160 S.W.2d 574, 574 (Tex. Civ. App.—Waco 1942, no writ). So, it is no surprise that these cases looked to a pleading of "executed" in the venue context— the plaintiff must plead the basis for venue. It is also not surprising that *Barnwell* and *Woods* would not allow a plaintiff who failed to plead "execution" as a basis for venue to resort to Rule 93 to shift the burden to the defendant. These plea of privilege cases say nothing about a defendant's need to file a verified denial to challenge the merits of execution or authority.

The Church has not argued that the Attorneys must use the magic word "execute" to trigger the application of Rule 93. The Church hasn't actually argued that Rule 93 does not apply. And, the majority opinion has not cited any case that requires the magic word "execute" to trigger the application of Rule 93. Yet, the majority holds that an attorney cannot obtain a summary judgment on a fee contract when the petition does not contain the word "execute," even if the respondent does not deny the contract in any way.

Though the majority recognizes that this case involves an attorney fee contract, it does explain how or why its holding may be limited to attorney fee contracts. The lesson from this holding, then, is:

- the appellate court may determine *sua sponte* that pleadings are deficient;
- where pleadings are deficient, no verified denial is necessary; and
- the applicability of Rule 93(7) may be determined for the first time on appeal.

Moreover, the lesson cannot be confined to summary judgment. If the plaintiff cannot know until appeal whether the breach-of-contract pleadings have effectively shifted the burden to the defendant to file a verified denial, that plaintiff

8

cannot know until appeal whether capacity or authority is an element of his or her proof at trial. If the plaintiff guesses wrong, brings no evidence of capacity or authority to trial, wins, and the appellate court *sua sponte* determines the pleadings to be ambiguous, the plaintiff's breach-of-contract judgment is reversed and ***rendered***. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 929 (Tex. 2009) (articulating the general rule that rendition is the proper disposition where the appellate court finds legally insufficient evidence after the trial on the merits). There would be no remand for a new trial. Therefore, the majority's construction of Rule 93 forces the initial pleader to presume that capacity and authority are always contested lest the matter be raised on appeal as a silver bullet.

## CONCLUSION

The Attorneys sought fees for services rendered in achieving a $300,000 settlement by filing a Petition in Intervention. The Church knew it needed to file a motion to strike and a verified denial in order to contest capacity and authority; so it filed both. The pleadings were stricken. The Church decided not to appeal the trial court's order striking those necessary pleadings. There should be a consequence to the Church voluntarily relinquishing its right to challenge this Petition in Intervention. I would hold that the consequence is waiver, and affirm.


/s/    Sharon McCally
      Justice


Panel consists of Justices Boyce, McCally, and Donovan. (Donovan, J., majority).

9