### BRODERICK et al. v. GALT.

No. 4637.

Court of Civil Appeals of Texas. Texarkana.

March 22, 1935.

Rehearing Denied March 28, 1935.

Slay & Simon, Allen & Gambill, and Gerald W. Greathouse, all of Fort Worth, for appellants.

Wilkinson & Wilkinson, of Mount Vernon, for appellee.

SELLERS, Justice.

Mrs. Myra Galt brought this suit in the district court of Franklin county, against A. J. Broderick, George Calvert, G. E. Fagg, and the First National Bank of Fort Worth, Tex. All the defendants are alleged to reside in Tarrant county, Tex., and the bank is alleged to be a private corporation with its office and principal place of business in Tarrant county, Tex. It is further alleged that defendants A. J. Broderick and George Calvert, at the time of the transactions involved in this suit were had, and at the time this suit was brought, were partners in business trading under the firm name of Broderick & Calvert. The plaintiff further alleged that on April 13, 1933, she and her children were the owners of a certain tract of land located in Titus county, Tex., and that on this date Broderick & Calvert and G. E. Fagg purchased from her a certain mineral interest in the land; that the conveyance evidencing such interest was duly executed according to the agreement. She further alleged:

"That in payment for said conveyance the defendants made, executed and delivered to this plaintiff a certain draft in the sum of $600.00 dated April 13, 1933, and payable to the order of the plaintiff at the First National Bank of Mount Vernon, Texas, which draft is in words and figures as follows:

"'Draft        (No Protest)

"'First National Bank

"'Mt. Vernon, Texas, April 13, 1933.

"'Pay to the order of Mrs. Myra Galt—$600.00—Six Hundred Dollars.

"'The drawer hereof (whether one or more) acknowledges the payment of $1.00 by drawee and that the drawee shall have thirty days after arrival of lease (or conveyance) and abstract at the collecting bank, in which to have title examined by attorney; in case any objections are found in title, the drawer hereof shall be furnished with such objections in writing, and shall have thirty days thereafter to correct the same. Neither the bank forwarding this draft for collection nor the drawer hereof shall have the right to demand the return of this draft, nor of the lease (or conveyance) nor of the abstract accompanying the same, prior to the expiration of the time last above fixed. The drawer thereof agrees to furnish the requirements as to title shown necessary by the examining attorneys, within the time last above specified. Drawer agrees to accept the money on this draft in case same is paid within the time last fixed above. This draft is given in full payment of balance due for lease (or conveyance) accompanying this draft on land described as follows: One half royalty under eighty acres of the Jos. Salmon Survey, Titus County, Texas. In case this title to said land is not acceptable to drawee and the examining attorneys the drawee shall not be liable in damages or for the payment of this draft.

"'[Signed]        Mrs. Myra Galt (Drawer).

"'To Broderick & Calvert,

"'904 First National Bank Bldg.,

"'Care First National Bank (Collecting Bank).

"'Ft. Worth, Texas.

"'OK/G. E. Fagg.'

"Plaintiff further alleges that by the terms of the above mentioned draft the defendants, Broderick and Calvert and G. E. Fagg were given thirty days from the date thereof in which to examine the title to the above described property and in the event that they found said title to be good then, and in that event the contract was complete and said draft to be due and payable at once. That under the further terms and provisions

of said draft in the event that said defendants, Broderick and Calvert and G. E. Fagg found any objections to the title of said property they obligated themselves to point out the same in writing and deliver such written objections, if any, to this plaintiff and she was to have thirty days thereafter to correct the same.

"Plaintiff further alleges that the above described conveyance together with the above draft were under the terms of said agreement presented for payment and the defendants entirely repudiated their said contract, refused to pay for said conveyance and have refused to point out any written objections to the plaintiff or to make or to deliver to her any objections to the title.

"Plaintiff further alleges that the defendant, The First National Bank of Ft. Worth, Texas, by an instrument of writing dated on the 14th day of April, 1933, agreed and contracted to pay to this plaintiff the amount of said draft subject to its terms and conditions; that said instrument of writing was in the form of a telegram communicated to the First National Bank of Mt. Vernon, Texas, and in the same the said defendant, The First National Bank of Ft. Worth, Texas, agreed and stipulated that it would pay the said sum of $600.00 to the plaintiff, subject to the terms and conditions of said contract.

"Plaintiff further alleges that she has complied with all the terms, conditions and stipulations in said contract and that the defendants have wholly failed and refused to comply with any terms or provisions thereof and wholly repudiated each and every agreement made by them and refused to comply with any of the same.

"That under the terms and provisions of said contract she is now due the said sum of $600.00 and the defendants though often requested have failed and refused to pay the same and still fail and refuse to pay the same or any part thereof.

"Plaintiff further shows to the court that in compliance with her part of the agreement she has at all times and does here now tender to the defendants the said royalty deed above mentioned."

To plaintiff's suit each of the defendants filed separate plea of privilege in due form to be sued in Tarrant county, the county of his residence. The plaintiff filed separate controverting answer to each of the pleas of privilege filed by the defendants, in which it is alleged that the district court of Franklin county has jurisdiction of the defendants under and by virtue of subdivisions 5, 23, and 29a of article 1995 (Vernon's Ann. Civ. St.), which are as set out below:

"5. *Contract in writing.*—If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile."

"23. *Corporations and associations.*—Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose. * * * "

"29a. (Two or more defendants.) Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

Upon the hearing of the pleas of privilege, the plaintiff introduced in evidence the draft set out in the petition and the following telegram from the Fort Worth bank:

"24 Ft. Worth Texas 1126 am. 14

"First National Bank, Mt. Vernon, Texas.

"We will honor draft on Broderick and Calvert to Mrs. Galt for $600.00 with mineral deed held in escrow your bank attached subject to the terms and conditions stated in said draft.

"First National Bank<br>"1134 am."

The trial court overruled the pleas of privilege, and the defendants have duly prosecuted this appeal.

It is believed that the venue of the cause of action against the appellant bank is properly in the district court of Franklin county under subdivision 23 of article 1995. The identical question, so far as the legal point is concerned, was before the Fort Worth Court of Civil Appeals in the case of Watson v. Jackson, 264 S. W. 603, 605, and Chief Justice Conner, after reviewing the authorities, concluded that a suit to recover against a bank, which agreed by telegram transmitted to a bank in another county to honor a certain draft when the same was presented, was properly maintainable in the county where the telegram was received.

There is evidence in the record, we think, sufficient to show an acceptance of the draft by G. E. Fagg, and he is therefore jointly liable with the appellant bank to appellee for the payment of the draft; and in our opinion, he is a necessary party to ap-

pellee's suit, and the action is maintainable against him in Franklin county by virtue of article 1995, subd. 29a; Milmo National Bank v. Cobbs, 53 Tex. Civ. App. 1, 115 S. W. 345. In respect to the venue of this appellant it is also held that a court which, as here, has jurisdiction of one defendant may also maintain jurisdiction of another, who, if sued alone, would have been entitled to change of venue to the county of his residence where the cause of action against both defendants is connected with and grew out of the same transaction, in order to avoid a multiplicity of suits. Waggoner v. Edwards (Tex. Civ. App.) 68 S.W.(2d) 655.

With reference to Broderick & Calvert who are sued as a partnership composed of A. J. Broderick and George Calvert, we think appellants' contention to the effect that there was no evidence introduced which is sufficient to support a finding by the trial court that such a partnership existed, and, further, that there was no evidence that A. J. Broderick and George Calvert were the identical parties composing such partnership, must be sustained. In a case like this, proof of the above facts are necessary before such parties may be sued in a county other than that of their residence. Johnson v. Dallas Cooperage & Woodenware Co., 120 .Tex. 27, 34 S.W.(2d) 845; Berry v. Pierce Petroleum Co., 120 Tex. 452, 39 S.W.(2d) 824.

It is disclosed by a reading of the statement of facts that all the transactions with reference to the purchase of the mineral interest in the land from Mrs. Galt by appellants were negotiated and consummated by appellant G. E. Fagg. It follows that if there is any liability of Broderick & Calvert to Mrs. Galt, it is by virtue of G. E. Fagg's acting as their agent in the matter, and before evidence of this fact would be admissible to bind Broderick & Calvert, such agency must be alleged by appellee, and there is no such allegation in the petition of appellee or the controverting affidavit. Tex. Jur. § 214, p. 634.

It was not necessary to prove the connection of Broderick & Calvert with the draft in order to hold the venue in Franklin county as to the appellant bank for the reason that its acceptance of the draft, as a matter of law, admits the authority of Mrs. Galt to draw the same. Article 5936, § 62, R. S.

The judgment of the trial court will be affirmed as to the appellants First National Bank of Fort Worth and G. E. Fagg, and reversed and remanded as to the appellants A. J. Broderick and George Calvert.