## JOSKE BROS. CO. v. EDDINGSTON et al.

### No. 3336.

Court of Civil Appeals of Texas. Beaumont.

Dec. 30, 1938.

Rehearing Denied Jan. 4, 1939.

Orgain, Carroll & Bell, of Beaumont, for plaintiff in error.

Shivers & Keith, of Port Arthur, and Chas. F. Heidrick, Jr., of Beaumont, for defendants in error.

O'QUINN, Justice.

H. T. Eddingston (plaintiff below) sued Joske Brothers Company and Charles F. Heidrick, in the district court of Jefferson County, Texas, to recover damages of Joske Brothers Company for an alleged breach of contract in writing to sell certain real estate. Briefly Eddingston alleged that Joske Brothers Company agreed in writing, acting through Charles F. Heidrick, to sell to him, Eddingston, Lot 7, Block 3, Range A, Port Arthur Land Company Subdivision in Jefferson County, Texas, containing 27 acres, but that said Joske Brothers Company refused to carry out the contract, and sold the land to one A. H. Kahn, whereby he, Eddingston, was damaged in the sum of $4,848.50, for which he prayed judgment.

Heidrick duly filed answer. He resided in Jefferson County, Texas.

Joske Brothers Company duly filed its plea of privilege to be sued in the county of its domicile, alleged to be Bexar County, Texas.

Plaintiff Eddingston duly filed his controverting plea, and same was set for hearing on June 5, 1937. Notice of the hearing was served on Joske Brothers Company by serving same upon G. B. Peyton, its Comptroller.

Hearing on the plea was had on June 5th, and the plea was overruled. June 8th, no answer having been filed by Joske Brothers Company, judgment by default against it was rendered for $4,848.50. The defendant Charles Heidrick was discharged.

On June 9, 1937, plaintiff in error Joske Brothers Company filed motion to set aside and vacate the order of the court overruling its plea of privilege, and on said date, subject to its plea of privilege, also filed answer to the merits of the asserted cause of action against it, consisting of a general demurrer and general denial.

On June 11, 1937, plaintiff in error, Joske Brothers Company, filed motion to set aside and vacate the order overruling the plea of privilege and the judgment on the merits rendered June 8, 1937. This was in effect a motion for a new trial on both features of the case. On July 16, 1937, it filed an amended motion to set aside and vacate said judgments. This motion was duly verified by G. B. Peyton, officer of and agent for plaintiff in error.

August 5, 1937, defendant in error, Eddingston, filed motion to dismiss the motions of plaintiff in error. These motions to strike were sustained and the motions stricken by the court on September 11, 1937, to which action of the court plaintiff in error excepted and gave notice of appeal to the Ninth Court of Civil Appeals. October 12, 1937, plaintiff in error perfected its appeal by writ of error. From the record we learn that plaintiff in error filed two applications or petitions for writs of error, one against the judgment overruling the plea of privilege on June 5, 1937, and one against the judgment on the merits of the case on June 8, 1937. Citations on the petitions were issued on October 12, 1937, and each duly served on said date, thus perfecting the appeal on both phases of the case at one and the same time.

December 20, 1937, defendant in error Eddingston filed in this court motion to dismiss the writ of error in so far as the

same attempted to appeal from the order overruling the plea of privilege. This motion was carried with the case.

 It is insisted by defendant in error that the motion to dismiss the writ of error relating to the appeal from the order overruling plaintiff in error's plea of privilege should be sustained for the reason that an appeal from an order overruling a plea of privilege can not be by writ of error, but must be by a direct appeal. Formerly such was the settled rule, but this proposition and the cited cases supporting same have no application where the appeal is not prosecuted alone from the order overruling the plea of privilege, but, as well, from the final judgment on the merits. But defendant in error says that here there is an appeal from the order overruling the plea of privilege independent of the appeal from the judgment on the merits, and so the rule as contended for by him applies. Under the facts, we do not think this contention sound. The order overruling the plea of privilege was entered on June 5th. On June the 8th judgment by default was entered against Joske Brothers Company. On the next day, June 9th, it filed motion to set aside the order overruling the plea of privilege, and subject to its plea of privilege, answered to the merits by general demurrer and general denial. On June 11th Joske Brothers Company filed motion to set aside the order overruling its plea of privilege, and to set aside the judgment on the merits of the case entered June 8th. As before stated, this was in effect a motion for a new trial on both features of the case. July 16th it filed its verified amended motion to set aside the order overruling the plea of privilege and judgment on the merits. On motion of defendant in error these motions were stricken September 11, 1937, to which order sustaining the motion to strike and striking the said motions of plaintiff in error, it then and there excepted and gave notice of appeal to the Ninth Court of Civil Appeals. Accordingly this appeal was perfected by writ of error. So, it appears that the appeal is from an order entered in one judgment from both the overruling of the plea of privilege and the judgment by default against plaintiff in error on the merits of the case. It is now the well

settled rule that it is permissible to appeal by writ of error from an order overruling a plea of privilege when the appeal is taken along with an appeal from a judgment on the merits of the case entered at the same term of the court, and, as here, entered in one judgment, and same day of the term. Gray v. Adolph, Tex.Civ.App., 117 S.W.2d 122, writ refused.

It is also insisted by defendant in error that the order overruling the plea of privilege should be affirmed because the plea of privilege in question was not properly verified, and so not a valid plea as required by law. The plea was in proper form, and was signed and verified thus:

"Joske Brothers Co.,
"by G. B. Peyton, Asst. Treas.
"Subscribed and sworn to by G. B. Peyton, before me, this the 7th day of May, 1937.
"(Seal) Hans Teich,
"Notary Public in and for Bexar County, Texas."

 Joske Brothers Company is a corporation organized under the laws of the State of Texas. As defendant, it filed its plea of privilege to be sued in Bexar County, its domicile. Its plea was signed by G. B. Peyton, its Assistant Treasurer. He acted as its agent for such purpose. Being its agent, he could verify the plea. While it is true he is not designated as such in the verification, still the plea and its verification must be considered as a whole, and it appears, we think without question, that Peyton was an officer and agent of the corporation, and that he was the same G. B. Peyton who signed the name of the corporation to the plea, and could verify same.

Defendant in error in his brief concedes (a) that if under the facts it is held that the appeal from the order overruling the plea of privilege was permissible by writ of error, and (b) the plea of privilege was properly verified, then the judgment should be reversed. Having so held in each instance the judgment is accordingly reversed and the cause remanded for another trial. The judgment discharging defendant, Charles F. Heidrick, was proper and that portion of the judgment is affirmed.

The judgment is affirmed in part and reversed and remanded in part.