## JOSKE BROS. CO. v. EDDINGSTON.
### No. 3669.

Court of Civil Appeals of Texas. Beaumont.

Nov. 1, 1940.

Rehearing Denied Nov. 13, 1940.

Orgain, Carroll & Bell, of Beaumont, for appellant.

Shivers & Keith, of Port Arthur, for appellee.

WALKER, Chief Justice.

This case is before us on a second appeal. The following statement from our opinion on the former appeal—Joske Brothers Company v. Eddingston et al., 123 S.W.2d 405, 406—gives the nature of the case: "H. T. Eddingston (plaintiff below) sued Joske Brothers Company and Charles F. Heidrick, in the district court of Jefferson County, Texas, to recover damages of Joske Brothers Company for an alleged breach of contract in writing to sell certain real estate. Briefly Eddingston alleged that Joske Brothers Company agreed in writing, acting through Charles F. Heidrick, to sell to him, Eddingston, Lot 7, Block 3, Range A, Port Arthur Land Company Subdivision in Jefferson County, Texas, containing 27 acres, but that said Joske Brothers Company refused to carry out the contract, and sold the land to one A. H. Kahn, whereby he, Eddingston, was damaged in the sum of $4,848.50, for which he prayed judgment."

The judgment on the first appeal was affirmed in part and in part remanded, on

the rulings of the lower court on the plea of privilege of Joske Brothers Company to be sued in Bexar county.

On the trial from which this appeal was prosecuted, the only issue presented was on appellant's plea of privilege. Appellee sought to hold venue in Jefferson county on the theory that appellant, a corporation, made a contract in Jefferson county to sell him the land and breached that contract in Jefferson county, and as a proximate result of the breach he suffered the damages sued for.

The trial was to the court without a jury. Filing conclusions of fact and law, the court found that appellant owned the land in controversy; that it gave authority in writing to Mr. Charles F. Heidrick to sell the land; that, acting under this authority, Heidrick sold the land to appellee; that the contract of sale was made in Jefferson county, was to be performed in Jefferson county, and was breached in Jefferson county; that by the breach appellee suffered damages in the sum of $500. On these facts, judgment was entered overruling appellant's plea of privilege, from which it duly prosecuted its appeal to this court.

The controlling point on the appeal is the sufficiency of the evidence to raise the issue that Mr. Heidrick was appellant's agent in making the contract of sale plead and relied upon by appellee as the basis of his damages.

To hold venue in Jefferson county, it was necessary for appellee to show a prima facie right to recover—that is, to show that Mr. Heidrick was appellant's agent to sell the land. On that point it was said in Taylor v. Whitehead, Tex.Civ.App., 88 S.W.2d 716, 717: "Independently of the existence of other venue facts, it is but just that the defendant be not required to answer a suit in a county other than that of his residence unless plaintiff can introduce proof sufficient, prima facie, to show a right of recovery in the first instance."

This rule controls this case because the agency of Mr. Heidrick was one of the essential venue facts, within the rule announced in the following authorities. Highway Motor Freight Lines v. Slaughter, Tex.Civ.App., 84 S.W.2d 533; Hermer v. Monnig Dry Goods Co., Tex.Civ.App., 77 S.W.2d 895.

The facts on Mr. Heidrick's agency were as follows: On the 17th day of September, 1936, Mr. Emmett B. Cocke, appellant's attorney at San Antonio, wrote Mr. Heidrick the following letter:

"Re: Joske Bros. Co. vs Harvey W. Gilbert

"Dear Sir:

"I am in receipt of your letter of September 14th with which you enclose tax statement and draft of deed for the signature of my client, which if executed would convey the property involved herein to Mr. Harley T. Eddingston, the same grantee in the draft of deed previously sent me and which I returned to you unexecuted. I have noted all you say in your letter. Really, I feel a little embarrassed to know the course I should pursue. I feel like Mr. Eddingston was not as diligent as he should have been when he let this matter rest for two months or longer in an apparently inactive state. It looks like he thought he was getting the benefit of his money and had the trade tied also. The mere fact that you were absent does not furnish sufficient reason to my mind for his lack of diligence. About that I would care very little, however, except for the fact that I wrote Kahn and placed myself under a degree of obligation to Kahn but I do think there is a little moral duty involved. However, as Mr. Eddingston seems to waive an abstract of the title, I have decided to say that if he will at once make settlement on the basis of $515.00 for the property (that will be the exact price we would receive from Kahn had we spent $35.00 for partial abstract) I will recommend to my people that the deed you last sent me be executed and delivered. So far as your charge of $100.00 is concerned, I am going to recommend it be allowed, and, of course, the taxes have to be paid. It follows that the check I would expect for my client to be $254.18 instead of the $239.18 mentioned in your recent letter.

"Please advise me promptly, that I may either go ahead with my prospective deal with Kahn or have the deed you sent executed and returned.

"Yours very truly,
"Emmett B. Cocke
"EBC/tm
"CC: Joske Bros. Co."

After receipt of that letter, Mr. Heidrick made the contract plead by appellee. We do not give the letters written by appellant to Mr. Heidrick prior to September 17, 1936, because they are immaterial on the issue of his agency to sell the land to appellee. Prior to the writing of that letter, Mr.

Heidrick had made no contract with appellee. An analysis of its terms shows that Mr. Cocke did not authorize him to sell the land; the very terms of the letter exclude that authority. Mr. Cocke simply wrote, "I will recommend to my people that the deed you last sent me be executed and delivered"; and, "Please advise me promptly, that I may go ahead with my prospective deal with Kahn or have the deed you sent executed and returned." Watkins Land Mortgage Co. v. Campbell, 100 Tex. 542, 101 S.W. 1078, is conclusive against appellee on his theory that this letter conferred power upon Mr. Heidrick to sell him the land. On the undisputed evidence Mr. Heidrick was not appellant's agent to sell the land.

It follows that the judgment of the lower court overruling appellant's plea of privilege must be reversed. And since, on the facts as fully developed, it does not reasonably appear that appellee can maintain venue in Jefferson county, it is further ordered that the lower court transfer this case to the district court of Bexar county.

Reversed and remanded with instructions.