## COLMAN v. H. DITTLINGER ROLLER MILLS CO. et al.

### No. 11634.

Court of Civil Appeals of Texas. Galveston.

June 15, 1944.

Al L. Crystal, of Houston, for appellant.

Edd R. Campbell, of Houston, and Fuchs & Fuchs, of New Braunfels, for appellees.

MONTEITH, Chief Justice.

This is an appeal from an order of the Judge of the County Court at Law of Harris County sustaining a plea of privilege in an action brought by appellant, John H. Colman, for the recovery from appellees, H. Dittlinger Roller Mills Company, and its alleged agent, A. Liebscher, of commissions alleged to be due him for procuring the sale of certain property located in Harris County, Texas.

Appellees duly filed their pleas of privilege to have said suit tried in Comal County, Texas, the county of their residence.

In due time appellant filed his controverting affidavit, duly verified, wherein he denied the allegations of appellees' pleas of privilege and in which he embodied the allegations of his original petition. While appellant alleged in his controverting affidavit that appellee, H. Dittlinger Roller Mills Company, was a private corporation and that the cause of action arose in part in Harris County, the affidavit contains nothing, outside of above allegations, to indicate that, in order to maintain venue in Harris County, he had intended to rely upon any particular subdivisions of the venue statute, Article 1995, Revised Statutes of 1925, Vernon's Ann.Civ.St. art. 1995. He alleged only that appellee, H. Dittlinger Roller Mills Company, had agreed through its president and agent, A. Liebscher, to pay him a commission of 5% of the sales price in the event he procured a purchaser for said property; that said cause of action arose, at least in part, in Harris County, Texas, and that defendants had "committed a trespass in Harris County, Texas, within the meaning of exceptions to exclusive venue in such suit and that the court has venue of this suit." Appellee, A. Liebscher, was joined as party defendant in the suit as the agent of defendant Milling corporation and was not sued in his individual capacity.

Upon a hearing before the court, an order was entered sustaining appellees' pleas of privilege and directing the transfer of the case to the district court of Comal County, Texas. Appellant appeals from this order.

In his findings of fact, which were requested by appellant and were not excepted

to, the trial court found that A. Liebscher was a resident of Comal County, Texas, and that the H. Dittlinger Roller Mills Company was a private corporation with principal office in Comal County, Texas, and that it was the owner of the property known as 2409 Commerce Street in Houston, Texas. The court found that A. Liebscher was the president of H. Dittlinger Roller Mills Company, and that he had, as such president, by an instrument in writing, listed said property with appellant and had employed him to find a purchaser therefor and had agreed to pay him a commission of 5% of the purchase price thereof in the event he procured a purchaser for said property. The court found that, in pursuance of said contract, appellant had started negotiations for the sale of said property with Gold Medal Coffee Company, of Harris County, Texas, but that appellee, H. Dittlinger Roller Mills Company, had thereafter sold said property to said Coffee Company. The court found that the evidence did not show that A. Liebscher was authorized by H. Dittlinger Roller Mills Company to execute the contract listing said property for sale with appellant.

The questions presented in the appeal are whether the evidence shows that A. Liebscher had the authority to bind appellee Milling Company for commissions on the sale of said property, and, if so, whether said contract contemplated that the sale of said property or a part thereof should be performed in Harris County.

■ It is well settled in this state that mere allegations and proof of damage or loss of commissions, in the absence of some legal obligation impelling payment or performance of the contract, or some part of the contract, in the county where such loss or damage occurred, does not confer venue of a suit on the courts of that county. Rio Grande Valley Citrus Exchange et al. v. Leche & Leche, Inc., Tex. Civ.App., 144 S.W.2d 1015; Linde Air Products Co. et al. v. Page et al., Tex. Civ.App., 131 S.W.2d 1057; Page v. Bond, 134 Tex. 90, 132 S.W.2d 579.

■ It is also the settled law that in a suit involving the authority of an agent in making a contract of sale pled and relied upon as the basis of plaintiff's damages, that, in order to hold venue in a county other than that of defendant's residence, it was necessary for plaintiff to show prima facie right to recover—that is, to show

that the agent was authorized to sell the land. Joske Bros. Co. v. Eddingston, Tex. Civ.App., 145 S.W.2d 296.

In the Joske case the court in its opinion quoted with approval from the opinion in the case of Taylor v. Whitehead, Tex. Civ.App., 88 S.W.2d 716, 717, wherein it was held that: "Independently of the existence of other venue facts, it is but just that the defendant be not required to answer a suit in a county other than that of his residence unless plaintiff can introduce proof sufficient, prima facie, to show a right of recovery in the first instance."

■ In Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, the court rejected the theory that a plaintiff may defeat a plea of privilege by introducing merely enough evidence to prove the venue fact or facts prima facie, or to raise an issue, and that evidence offered by the defendant in contradiction of plaintiff's prima facie case should be disregarded. It was held in that case that the venue facts alleged must be proven as the allegations of any other plea or in the usual way in which proof is required to be made by a party upon whom the burden of proof rests.

■ In 43 Texas Jurisprudence, 868, it is said that: "Where a written contract is made by an alleged agent, the plea of privilege challenges the authority of the agent and imposes upon the agent the burden of showing that the contract was in fact that of the principal and that the agent had authority to execute it."

■ To hold venue in Harris County in this case it was necessary for appellant to show a prima facie right to recover under said contract—that is, to show that A. Liebscher was authorized by H. Dittlinger Roller Mills Company to make the contract of sale alleged and relied upon by appellant as the basis of recovery of commissions. The court found as a fact, and the record sustains his finding, that the evidence in the record does not prove or show that A. Liebscher was authorized by said company to execute said contract of sale, and the letters relied upon by appellant contain nothing specifying how or where the sale was to be performed, and there is no allegation or proof in the record that would give rise to any breach of contractual duties accruing in Harris County on the part of either appellee.

It follows that the judgment of the trial court sustaining appellees' pleas of privi-

lege and ordering the transfer of said cause to the district court of Comal County, Texas, must be affirmed.

Affirmed.