## KENNELL–CROSS & CO. et al. v. COOPER–KOLTER CO. et al.

### No. 12118.

Court of Civil Appeals of Texas.
Galveston.
Oct. 20, 1949.

Rehearing Denied Dec. 8, 1949.

Devereaux Henderson, of Houston, for appellants.

Armstrong, Barker & Bedford and Griffin D. Lambdin, all of Galveston, for appellees.

GRAVES, Justice.

This was a plea-of-privilege case, in which the appellants, plaintiffs below, sued appellees, defendants below, on an alleged debt on an open account in the District Court of Harris County, Texas. The defendants duly filed their respective pleas-of-privilege to be sued in Jefferson County, Texas, the county of residence of each. By controverting-affidavit the plaintiffs asserted that the suit was based upon a contract-in-writing, performable in Harris County, Texas, and thus that their suit was within the exception created by Article 1995, Subdivision 5, of the Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. art. 1995, subd. 5. After a hearing on the pleas-of-privilege, the Trial Court sustained the pleas-of-privilege of the defendants, and ordered the case transferred to the District Court of Jefferson County, Texas, from which ruling of the Trial Court the plaintiffs have appealed.

The pleadings,—that is, the sworn-to pleas-of-privilege by the appellees, and the verified controverting affidavits in reply thereto by the appellants,—pursuant to the statute, properly joined the issues on the facts between the two sides, which, in material substance, were these: (1) Whether "The Cooper-Kolter Company, Agents," was a partnership; (2) Whether Harris Cooper and C. N. Kolter were the identical parties composing such partnership; (3) Whether defendants, at the time they filed their pleas-of-privilege, as well as at the time the suit was brought, and at the time they were served with process, resided in Jefferson County, Texas; and (4) Whether, at such times, they had or not contracted in writing with the plaintiffs to perform the alleged obligation in Harris County, Texas.

The stated fact-issues so raised are thought to have constituted the only venue-facts the determination of which was necessary to the disposition of the cause, hence —in an action like this—all other issues became immaterial.

The appellants, as plaintiffs below, styled themselves "Kennell-Cross & Company, a co-partnership composed of Rolan C. Kennell and Adam V. Cross, Jr., both residents of Harris County, Texas", and alleged themselves to be the duly authorized general-agent for the Alamo Casualty Company, an insurance corporation, with its home office in San Antonio, Texas, sued the appellees herein as defendants in Harris County, characterizing them in substance this way: "Harris Cooper and C. N. Kolter, are co-partners, doing business as the Cooper-Kolter Company, Agents"; that "the Cooper-Kolter Company, Agents, sometimes known and operated as Cooper & Kolter Company, is a co-partnership composed of the defendants, Harris Cooper and C. N. Kolter, both residents of Beaumont, in Jefferson County, Texas, which is the domicile of defendants' chief office and place of business". They declared upon an alleged written contract, dated April 30, 1947, attached to their petition as Exhibits A and B, claiming that, by virtue thereof, such defendants were indebted to them in the sum of $1,427.51, as shown by an attached verified account.

The answering pleas-of-privilege of the appellees as defendants to be sued in Jef-

ferson County as that of their residence; under oath, specifically denied (1) That they were residents of Harris County, Texas; (2) That any exception to exclusive venue in the county of their residence existed; (3) That they were partners; (4) That they entered into a contemporaneous and supplemental agreement with plaintiffs, as alleged; (5) The itemized verified account; (12) Their execution of any contract with plaintiffs, in which it was provided that, "all accounts are due and payable at the Home Office of the General Agent in Houston, Harris County, Texas."

When it came to the evidence under such joined issues, all that was introduced was that for and by the appellants for their own benefit, the appellees having offered none, but having depended upon the legal effect of their sworn pleas-of-privilege. Then appellants, in substantiation of such averments on their part, offered in evidence an alleged contract in writing between the Alamo Casualty Company, a corporation, of San Antonio, and these appellees, bearing date April 30, 1947, reciting that it was an agreement between "Cooper-Kolter Company, of Beaumont, in the County of Jefferson and State of Texas, hereinafter designated as 'agent', and Alamo Casualty Company, a corporation of San Antonio, hereinafter designated as 'company'". Further recitations purported to outline the doing of insurance business between such named parties as company and agent, including this: "Balance therein shown to be due the company shall be paid not later than forty-five days after the end of the month for which the account is rendered. All accounts are due and payable at the Home Office of the General Agent in Houston, Harris County, Texas."

█ The trial court refused to admit such purported contract in evidence against the appellees, upon a holding that the evidence was insufficient to connect them with it under their sworn pleas-of-denial. The burden, of course, was upon the appellants not only to prove the execution of the claimed writing by the appellees, but also their alleged partnership between themselves, as well as the identity of the appellees, Harris Cooper and C. N. Kolter, as such partners.

But there was no evidence that either Harris Cooper or C. N. Kolter had ever signed such writing, nor were any signatures of theirs thereon verified; indeed, there was no evidence that the "Cooper-Kolter Company, agents", or "Cooper-Kolter Company" existed, nor that they together were parties composing any such partnership.

█ Without going into the ramified fields of discussion involved in the extended briefs of the parties herein, it seems plain to this court that, under the necessary effect of the appellees' defensive pleas-of-privilege, the appellants failed to meet the burden placed upon them to prove the execution of the alleged written contract by the appellees, as well as the existence of the partnership between the individuals Cooper and Kolter, so alleged to have constituted it, before they could claim to have any contract-in-writing binding appellees to pay any debt under it in Harris County, within the purview of subdivision 5, of R.C.S. Article 1995, Vernon's Ann.Civ.St. art. 1995, subd. 5.

That precise question seems to have been directly decided adversely to the appellants in at least these three holdings of our appellate courts: Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.2d 845, at pages 847–848; Colman v. H. Dittlinger Roller Mills Co., Tex.Civ. App., 181 S.W.2d 604, 606; Broderick v. Galt, Tex.Civ.App., 81 S.W.2d 268, at page 271.

This holding alone requires the affirmance of the trial court's judgment, it is thought, irrespective of whether it erred upon other considerations in having refused to admit the alleged written agreement in evidence, because such error would have been harmless, anyway, in the face of there having been no proof of the existence of any such partnership, or the identity of its alleged members, as indicated.

The judgment will be affirmed.

Affirmed.